May Term,
1859.

PATTON
v.
HAMILTON.

## PATTON *v.* HAMILTON.

Suit to recover damages for the breach of a contract. Answer, that the contract was obtained by fraud. Reply in denial. *Held,* that the defendant had the open and close.

The cross-examination of a witness should be confined to the subject-matter of the original examination. If a party wishes to examine his opponent's witness touching new matter, he must call him afterwards as his own witness.

A judgment will not be reversed for a failure to assess nominal damages.

*Friday,
May 27.*

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—*Patton* sued *Hamilton* to recover damages for the breach of a contract.

Answer, that the contract was obtained by fraud.

Reply, in denial.

Jury trial; verdict and judgment for the defendant.

The Court gave the defendant the opening and closing of the case. This was right. The burden of the issue was upon him.

On the trial, the Court restricted the cross-examination of witnesses to the subject-matter of the original examination. This was right. If the party wished to examine his opponent's witnesses to new matter, he could do so by calling them afterwards as his own witnesses. *Wright* v. *Gaff*, 6 Ind. R. 417, on p. 420.

Errors are assigned upon the giving and refusing of instructions by the Court, and the refusing of a new trial. The evidence is of record.

The contract sued upon was for the conveyance, by a son, just turned of twenty-one years of age, of his father's farm, to the plaintiff. The father was living upon the farm, and had not authorized the son to sell it. The right by virtue of which the son assumed to make the sale was, that he expected the farm would fall to him at his father's death. The purchaser knew all these facts.

The issue made for trial by the pleadings, as we have seen, was one of fraud. Instructions should, therefore, have been relevant to that issue. But we shall not spend time in examining those in this case.

Upon the facts appearing in evidence, no jury would ever be impanneled that would give the plaintiff a verdict for, at all events, more than nominal damages. The evidence tends to show fraud and undue means, on the part of the plaintiff, in obtaining the contract from young *Hamilton*, and does not show any damage arising from the breach of it. This is sufficient, without searching for further grounds, to sustain the judgment below. A new trial will not be granted for a failure to assess nominal damages. Ind. Dig. 591.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*J. Ryman*, for the appellee.