Dayhuff *v.* Saville.

*J. C. Dunn*, for the appellant.

DAYHUFF *v.* SAVILLE.

An answer, purporting to apply to a whole complaint, but which in fact constitutes an answer to but a part of it, is bad.

APPEAL from the *Howard* Circuit Court.

DAVISON, J.—This was an action by *Dayhuff*, who was the plaintiff, against *Saville*. The complaint consists of three counts: 1. For goods sold and delivered. 2. Upon an account stated. 3. That defendant was indebted to the plaintiff 145 dollars, and in payment thereof drew an order for that sum upon one *D. C. Metsker*, which order is in this form:

."Mr. *Metsker* will pay *A. F. Dayhuff* 145 dollars out of my portion of the funds collected of the firm books and accounts of *Dayhuff & Saville*, in your hands when collected—given in consideration of medicines, implements, and office fixtures bought of *Dayhuff*, *June* 22, 1859.    MATTHEW SAVILLE."

It is averred, that, after the making of said order, and before the commencement of this suit, the plaintiff presented the order to *Metsker*, at his office in the town of *Kokomo*, and

Dayhuff *v.* Saville.

demanded payment thereof; but there were no funds to be collected on the partnership books of *Dayhuff & Saville* belonging to *Saville*, for the payment of 145 dollars, or any part thereof. And further it is averred, that he, *Metsker*, refused to pay or accept the order, or any part of it, &c. Defendant answered: 1. By a general traverse. 2. By set-off. "And for third and further answer, defendant says, that he admits the making of the order sued on; but avers that it was given by him to the plaintiff on *Metsker*, to be by *Metsker* applied as a payment on the account of the plaintiff in favor of the defendant, upon the partnership books of plaintiff and defendant, which the plaintiff had overdrawn the defendant upon said books, and which, when so applied on said account of plaintiff, it (the order) was to be deemed fully paid," &c.

To this third paragraph the plaintiff demurred; but the demurrer was overruled, and he excepted. The issues were tried by the Court. Finding for the defendant. New trial refused, and judgment.

The appellant assigns but one error, namely, the overruling of the demurrer to the third paragraph of the answer. That paragraph is bad for the reason, if no other, that it professes to answer the whole complaint, when it answers only the third count. 13 Ind. 151; 14 Ind. 527. But, as a defence, the paragraph is objectionable upon another ground. It concedes the execution of the order, but says, in effect, that it was not to be paid to the plaintiff; that it was to be applied in payment of the account, in the hands of the drawee, in favor of the defendant. This averment, it seems to us, is in direct conflict with the legal effect of the order; because, on its face it shows that the amount, which it specifies, was to be paid to the plaintiff, by the drawee, "out of the funds of the defendant, collected by him, of the firm books and accounts of *Dayhuff & Saville*, when collected." Thus, it must be conceded, that the matter set up in the paragraph in ques-

tion, varys essentially the terms and effect of the instrument sued on; and the result is, the defence pleaded must be adjudged inoperative. *Dale* v. *Evans*, 14 Ind. 288, and authorities there cited.

But it is said, in argument, that the third count of the complaint, which is based alone upon the order, is itself defective; that the demurrer reaches it, and was, therefore, correctly overruled. We think otherwise. The third count sets forth the order—alleges that it was presented to the drawee, who refused to pay or accept it, and further, there were no funds of the defendant on the books of said firm to be collected. These averments, connected, as they are, with other matters alleged in the count, are sufficient to render that pleading a valid cause of action. The demurrer was well . taken, and should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*N. R. Linsday* and *H. A. Brouse*, for the appellant.
*Thomas A. Hendricks*, for the appellee.