## LONG v. PETERS.

1. **Slander:** INQUIRY BY PARENTS. Upon the inquiry of parents a person is permitted to state in good faith his *bona fide* belief respecting the conduct of the minor children of the parties making the inquiry.

*Appeal from Washington Circuit Court.*

WEDNESDAY, DECEMBER 5.

ACTION for slander. The words spoken are charged in the petition in the following language:

"That on or about September —, 1876, at Seventy Six township, Washington county, Iowa, defendant did, in the presence of Sarah J. Long and others, utter, publish and declare of and concerning petitioner the following false, malicious und slanderous words: 'She stole our hair brush and took it to Illinois;

I can't help it, she did steal our hair brush and went to Illlnois; I can prove it by Sal Long's girls.'

That afterward, on or about September —, 1876, defendant, in the presence of James Anderson and others, uttered and published false, malicious and slanderous words of and concerning plaintiff, as follows: 'She is a thief, she stole our hair brush, and I am going to put her through for it.'"

The defendant pleaded certain matter as a special defense to the action in the following counts, copied from the answer:

"2.    Defendant says that he had missed a hair brush from his house, prior to the time of the conversations referred to in petition, under such circumstances as to indicate that plaintiff had taken it, and he really believed that she had taken it, and in the conversations referred to he stated the circumstances which induced that belief; that in each of the conversations referred to the persons in whose presence the words were spoken were by defendant advised of the facts and circumstances on which defendant based his belief, the defendant stating only what, under the circumstances, he had a right to believe, and did honestly believe.

"3.    That the first conversation referred to was occasioned by the mother of the plaintiff asking him for the facts in relation to the taking of the brush; that he thought plaintiff's mother had a right to know what the facts actually were, and that he stated to plaintiff's mother just what he believed concerning the plaintiff's taking the brush.

"4.    As to the second conversation referred to in petition, defendant states that he simply narrated the conversation had between him and plaintiff's mother, referred to in the preceding count, and whatever he said was spoken as a matter of opinion, based on facts known to the person in whose presence the conversation was had, and was for the purpose of obtaining the opinion of the person in whose presence he had the conversation, as to the probability of the plaintiff's guilt, from the facts which he had honestly stated."

There was a verdict and judgment for plaintiff; defendant appeals.

*McJunkin, Henderson & Jones,* for appellant.

*C. S. Wilson* and *Ed. W. Stone,* for appellee.

BECK, J. The court gave to the jury the following, among other instructions:

"6. The defendant has stated in his answer that the words spoken by him were spoken under the circumstances as therein set forth, and if you find from the evidence that the defendant did speak the words substantially as charged, but under the circumstances as claimed by the defendant, such facts are proper to be considered by you in mitigation or reduction of damages; but they would not if fully proven amount to a justification, or a complete defense to the action."

1. SLANDER: inquiry by parents.

"11. If you find that the defendant did speak and publish the words substantially as alleged, then plaintiff is entitled to recover at least nominal damages; that is some small sum, as one dollar or one cent."

These instructions are erroneous. The second and third counts of the answer show that the words charged in the first count of the petition were honestly spoken as an expression of defendant's belief, in response to a request of plaintiff's mother for the facts within his knowledge. The mother had an interest in the matter, and a right to know the truth of reports charging her minor daughter with an offense, or improper conduct. The plaintiff having the information within his knowledge which was sought by the mother, and being interested in the matter, had a right to impart that information in response to the mother's solicitation, as pleaded in the answer. It would be the part of a good neighbor and a good citizen, in the manner set out in the pleadings, to aid parents in reaching a true knowledge of the conduct of their children. When information of that character is sought by parents, the person inquired of must be permitted in good faith to state facts, and his *bona fide* belief. This conclusion is supported by the clearest reason, and has the sanction of authority. Townsend on Slander, 397; 1 Am. Leading Cases, 181.

Words spoken under the circumstances set up in the counts of this answer above referred to would not support an action, as they would be in the nature of privileged communications. The instructions quoted hold differently, and authorize the jury to consider such circumstances only in mitigation of damages.

It is not our province to inquire whether the defendant supported the defense pleaded by testimony. It cannot be denied that there was evidence tending that way; defendant's own testimony was of that character. He had the right to submit his defense to the jury under proper instructions as to the law of the case. Of this right he was deprived by the instructions now under consideration.

Other questions raised by appellant need not be discussed, as the judgment, for the errors above pointed out, must be reversed.

REVERSED.