## Dean *v.* Miller.

Slander.—*Complaint.—Blank Dates.—Presumption of Jurisdiction in Circuit Court over Misdemeanor.—Innuendo.—Damages.*—In an action for slander, the complaint alleged " that, at a term of " a certain circuit court of this State, " begun and held at " the proper place, " on the —— day of ——, ——," wherein was pending a prosecution of this defendant, by the

State, " for keeping and maintaining a gambling house," the plaintiff, being duly sworn, testified as a witness, on the trial, " touching the guilt of the defendant, and material to the issue joined therein " ; that afterwards the defendant, " wickedly intending," etc., " in the presence of," etc., did " falsely and maliciously speak, of and concerning the plaintiff and his said oath and testimony in said cause, as aforesaid, the following false and slanderous words, to wit : ' You ' (the plaintiff meaning) ' swore to a lie,' " etc. ; " whereby the defendant meant to charge, and was understood by those who then and there heard said conversation to charge, that the plaintiff had committed the crime of perjury."

*Held,* on demurrer, that, as the act abolishing the common pleas court and conferring its jurisdiction over misdemeanors on the circuit court had gone into effect prior to the commencement of this action, the presumption is that such prosecution was begun at a time when the circuit court had jurisdiction.

*Held,* also, that it is sufficiently alleged that the slanderous declarations by the defendant were made concerning the plaintiff's testimony.

*Held,* also, that the words laid charged the defendant with perjury, without an *innuendo.*

*Held,* also, that the law implies damages from the speaking of such words.

PLEADING.— *Uncertainty.—Blank Dates.—Motion.— Demurrer.* --Where a pleading is blank as to material dates, objection must be made by motion to make certain, and not by demurrer.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellee.

WORDEN, C. J.—Action by the appellee, against the appellant, for slander.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception. Issue ; trial ; verdict and judgment for the plaintiff.

Errors are assigned upon the overruling of the demurrer, and of a motion for a new trial.

The complaint alleged, " that at a term of the Knox Circuit Court, begun and held at the city of Vincennes, in Knox county, in the State of Indiana, on the ―― day of ――――, ――, a certain action was pending, wherein the State of Indiana was plaintiff, and this defendant was de-

fendant, wherein the defendant was prosecuted for keeping and maintaining a gambling house, and that, on the trial thereof in said court, and in due course of legal proceedings therein, this plaintiff, being duly sworn, made oath and testified touching the guilt of the defendant in said cause, and material to the issue joined therein ; and the defendant, wickedly intending to injure and defame the plaintiff's character, did afterward, in the presence of Dexter Gardener, William McChrisogen, and divers other citizens, falsely and maliciously speak, of and concerning the plaintiff and his said oath and testimony in said cause, as aforesaid, the following false and slanderous words, to wit : ' You' (the plaintiff meaning) ' swore to a lie. You ' (the plaintiff meaning) ' swore against me ' (the defendant meaning) ' what was not true. You (the plaintiff meaning) ' swore false against me ' (the defendant meaning). Whereby the defendant meant to charge, and was understood by those who then and there heard said conversation to charge, that the plaintiff had committed the crime of perjury. Wherefore," etc.

It is insisted by the appellant, that, as the complaint fails to show when the prosecution was pending in the circuit court, in which the plaintiff was sworn and testified as a witness, or when that case was tried, it was bad, and that the demurrer to it should have been sustained.

The argument is, that, as there was a time when the circuit court had no jurisdiction of misdemeanors, viz., during the time the court of common pleas was in existence, that case may have been tried at a time when the court had no jurisdiction of it; in which event the words charged would not be actionable, as the plaintiff could not have committed perjury by testifying in a cause, over the subject-matter of which the court had not jurisdiction.

But the court of common pleas was abolished several years before this action was commenced, after which event

Dean *v.* Miller.

the circuit court was vested with jurisdiction over misde-. meanors. The case may be stated, then, as follows :

There was a time when the circuit court had jurisdiction over prosecutions for keeping a gambling house, and there was a time when it had no such jurisdiction. We are advised by the complaint, that, at some time not stated, that court took and exercised jurisdiction over such a case. What is the inference? Clearly, that the jurisdiction was exercised at a time when it was vested in the court, and not at a time when the court lacked the jurisdiction. The circuit court is a court of general jurisdiction, and, as was said by this court in the case of *The Board of Commissioners of Clay County* v. *Markle,* 46 Ind. 96, 106 : " The rule for jurisdiction is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so ; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged." It will therefore be intended that the circuit court had jurisdiction of the prosecution alleged. The omission in the complaint to state the time of the prosecution or trial, as mere matter of uncertainty, might have been remedied by motion, but was not reached by the demurrer.

It is also urged, as we understand the brief of counsel for the appellant, that the complaint is bad, because it does not contain a proper colloquium charging that the words were uttered and published " in a conversation of and concerning said trial." We think the complaint in this respect was sufficient. It is alleged that the words were spoken " of and concerning the plaintiff and his said oath and testimony in said cause as aforesaid." If the words were spoken " of and concerning" the plaintiff's testimony in said cause, the conversation must have been had " of and concerning " said cause and the trial thereof.

Again, it is claimed that " the complaint does not contain the necessary innuendo, that by the speaking of the words charged the appellant meant, and was understood by those who heard them uttered, to charge that the appellee had committed the crime of perjury in the oath he took in the alleged judicial proceeding." We are of opinion that such innuendo was unnecessary.

"Where the libellous meaning is apparent on the face of the libel itself, innuendoes are unnecessary." Folkard's Starkie on Slander & Libel, sec. 442. The words here were not actionable without a statement of the extraneous matter showing their application, viz., the prosecution for the keeping of a gambling house, and the fact that the plaintiff testified as a witness upon the trial of the cause. But this extraneous matter having been stated, and it having been alleged that the words were spoken of the plaintiff's testimony upon that trial, the words became actionable, and it was unnecessary to allege that they were uttered or understood in an actionable sense. And when it was alleged that the words were uttered of the plaintiff's testimony in the cause mentioned, it sufficiently appeared that that was the cause in which he was charged with having sworn falsely.

The prefatory matter, thus alleged, sufficiently pointed to the meaning and application of the words. Townshend Slander & Libel, 3d ed., p. 180, note 2.

The complaint, in our opinion, was sufficient.

The reasons for a new trial were, that the damages were excessive, and that the verdict was not sustained by the evidence, and was contrary to law.

The amount of the verdict was five hundred dollars, and this we can not regard as excessive. *The Indianapolis Sun Co.* v. *Horrell*, 53 Ind. 527.

But the counsel for the appellant contend that " the law implies no damages in such cases, and leaves the party ag-

grieved to show, by positive evidence, that he has sustained damages." There was no proof given of special damages; and if the above proposition be regarded as correct, the verdict and judgment can not be maintained. We are of opinion, however, that, as the words were spoken of the plaintiff's testimony on the trial of the cause mentioned, they carried with them the imputation of perjury; and that the law implies damage from the speaking of them, just as it would imply damage from a direct charge of perjury.

We think the case was fairly made out by the evidence, and find no ground for a reversal of the judgment.

The judgment below is affirmed, with costs.