(7 Misc. Rep. 254.)

## CURTIS v. RITZMAN.

### (City Court of New York, General Term. February 8, 1894.)

1. DAMAGES—BREACH OF CONTRACT.
   Defendant leased a store room to plaintiff, and agreed that the adjoining store room "should not be rented or used for the sale of the same kind of goods." Afterwards, defendant rented the adjoining room without restricting the lessee as to the use. *Held* that, unless special damages were alleged, plaintiff could only recover nominal damages for the breach of the contract.

2. SAME—PRACTICE.
   Where a complaint states merely a technical cause of action, in which only nominal damages could be recovered, it is error to overrule a demurrer, with leave to answer on payment of costs.

3. APPEAL—POWER OF GENERAL TERM.
   The general term of a court may, on appeal, make such order as the court below should have made.

Appeal from special term.

Action by Louis Curtis against Charles L. Ritzman for breach of contract. From an interlocutory judgment entered on an order overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS, J.

J. George Flammer, for appellant.
E. F. Bullard, for respondent.

EHRLICH, C. J. The gravamen of the complaint is that the defendant let the west side of a store to the plaintiff for sale of furniture, carpets, etc., and agreed that the store on the east side "should not be rented or used for the sale of the same kind of goods." As a breach, the complaint alleges that the defendant subsequently rented the east store to one Harrington, "without restricting" him as agreed, and that Harrington used the store to sell goods of the same character as sold by the plaintiff, whereby "the plaintiff was unable to sell his goods as he had theretofore done," to his damage $2,000. There is no pretence that the defendant used the place for the rival business, or knowingly let it therefor, but merely that he failed to "restrict" Harrington, who injured him, etc. The damages recoverable for such a breach would be nominal, merely, in the absence of a claim for special damages, and there is no such claim. Sedg. Dam. (6th Ed.) p. 731, note; Parsons v. Sutton, 66 N. Y. 92.

If the plaintiff has any action, it is a technical one, merely; and if the court below had sustained the demurrer a reversal would not have been granted, in such a case, to enable the plaintiff to recover nominal damages only. Patton v. Hamilton, 12 Ind. 256; Hudspeth v. Allen. 26 Ind. 165.

The general term of the same court may on appeal make the order which ought to have been made below. The court at special term overruled the demurrer, and permitted the defendant to answer over on payment of $15 costs. But why prolong a litigation, and compel the defendant to pay $15 costs in a 6-cent case, where that is the

limit of the recovery? We think the interlocutory judgment and order ought to be reversed, without costs, (except as hereinafter mentioned,) and the demurrer sustained, with liberty to the plaintiff to amend his complaint by pleading special damages, or any other material allegation, on paying the disbursements incurred on this appeal.