Tracy *v.* Hacket.

---

## TRACY *v.* HACKET.

[No. 2,364.   Filed January 25, 1898.]

LIBEL.—*Damages.*—The law presumes general damages as natural and probable consequences of the publication of defamatory language which is libelous *per se.   p. 135.*

SAME.—*Damages.*—Where in a civil action for libel the wrong is of such a character that defendant would be liable to a criminal prosecution therefor exemplary damages cannot be assessed.   *p. 135.*

SAME.—*Evidence.*—In the trial of a civil action for libel the defendant may, under the general denial, prove plaintiff's general character to be bad in mitigation of damages.   *p. 135.*

Tracy v. Hacket.

LIBEL.—*Failure to Award Nominal Damages.*—The appellate court will not reverse a judgment on account of the failure of the jury to award to plaintiff nominal damages in an action for libel where the defamatory matter published is libelous *per se* and has not been justified by establishing its truth.  *pp. 135, 136.*

INSTRUCTIONS.—*Failure to Give.*—A cause will not be reversed on account of the failure of the court to give additional instructions not requested, where there is no reversible error in the instructions given.  *p. 137.*

From the Allen Superior Court.  *Affirmed.*

*William H. Shambaugh* and *Henry C. Hanna,* for appellant.

*Henry Colerick, J. E. K. France* and *Will E. Colerick,* for appellee.

BLACK, J.—The appellant brought his action against the appellee for libel, the complaint showing a publication of libelous language imputing a crime to the appellant, in a newspaper of which the appellee was alleged to be the owner and publisher, whereby the appellant "was injured in his reputation, to his damage in the sum of," etc.  There was an answer of general denial, and there were a number of special paragraphs, but there was no answer seeking to justify by alleging the truth of the language published.  A jury returned a verdict for the appellee. The appellant's motion for a new trial was overruled. It is claimed in argument for the appellant, that, as was assigned in the motion for a new trial, the verdict was not sustained by sufficient evidence, and that it was contrary to law.

Counsel for appellant present as the question for decision under these assigned causes for a new trial, whether or not the plaintiff in such a case, when the libelous matter published contains a charge of felony, is entitled to nominal damages, when the defendant fails to justify by establishing the truth of the charge contained in the libelous publication.  No special

damages were alleged, and it was not necessary to a recovery to show special damages. The defamatory language was libelous *per se;* and for words actionable *per se* the law presumes general damages as natural and probable consequences. The wrong here involved in suit being one for which the wrongdoer would be liable both to a criminal prosecution and to a civil action, it is settled in this State that exemplary damages could not be assessed, and that the appellant would be entitled only to compensatory damages. *Wabash, etc., Co.* v. *Cumrine,* 123 Ind. 89, and cases there cited.

Under the general denial matter in mitigation was admissible in evidence, and the appellee might prove the appellant's general character to be bad, in mitigation of damages. *O'Conner* v. *O'Conner,* 27 Ind. 69; *Blickenstaff* v. *Perrin,* 27 Ind. 527; *Mosier* v. *Stoll,* 119 Ind. 244; *Burke* v. *Miller,* 6 Blackf. 155; *Hallowell* v. *Guntle,* 82 Ind. 554.

The amount of damages would be peculiarly within the province of the jury. See *Alley* v. *Neely,* 5 Blackf. 200; *Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 527; *Dean* v. *Miller,* 66 Ind. 440; *Marks* v. *Jacobs,* 76 Ind. 216; 13 Am. and Eng. Ency. of Law, 432.

There is no claim on behalf of appellant that under the evidence, which we need not recount, he would be entitled to a reversal for failure to assess substantial damages, but it is insisted that for the invasion of his legal right by the defamatory publication which has not been justified, he was entitled to a verdict for nominal damages.

Assuming this claim to be correct, it does not necessarily follow that the appellant is entitled to a reversal of the judgment on appeal. In *Crawford* v. *Bergen,* 91 Iowa 675, 60 N. W. 205, it was held that a failure of the jury to award nominal damages in

slander, where the plaintiff was only entitled to nominal damages, was not sufficient ground for reversing a judgment for the defendant.

In *Funk* v. *Evening Post Pub. Co.*, 27 N. Y. Supp. 1089, which was an action for libel, wherein the jury found for the defendant, notwithstanding an instruction of the court that the plaintiff was entitled to at least nominal damages, the court on appeal refused to reverse the judgment. It was held that unless some permanent right is affected, or some error of court has crept in, by which the jury has rendered an erroneous verdict, the court will not set aside the verdict upon appeal because the plaintiff was entitled to nominal damages.

In *Jennings* v. *Loring*, 5 Ind. 250, the action being for false imprisonment, where there was a technical right to recover, and the plaintiff was entitled to nominal damages, but to nothing more, it was held that the failure to assess nominal damages was not good ground for a new trial. See, also, *Tate* v. *Booe*, 9 Ind. 13; *Patton* v. *Hamilton*, 12 Ind. 256; *State, ex rel.*, v. *Shackleford*, 15 Ind. 376; *Hudspeth* v. *Allen*, 26 Ind. 165; *Black* v. *Coan*, 48 Ind. 385; *State, ex rel.*, v. *Cloud*, 49 Ind. 174; *Platter* v. *City of Seymour*, 86 Ind. 323; *Hacker* v. *Blake*, 17 Ind. 97; *Mahoney* v. *Robbins*, 49 Ind. 146; *Town of Tipton* v. *Jones*, 77 Ind. 307; *Atkins* v. *Van Buren School Tp.*, 77 Ind. 447.

Under these authorities we would not be authorized to reverse the judgment for the mere reason that the jury failed to assess nominal damages to which the appellant was entitled.

The case of *Indianapolis, etc., Gravel Road Co.* v. *Belt R. W. Co.*, 110 Ind. 5, to which we have been referred by counsel, is not in conflict with this conclusion. There the ground of the court's decision upon this point was thus expressed: "The injury to appellant

is in its character permanent, and will be permanent, unless his rights are settled and established.    Appellee is wrongfully maintaining the track of its railroad across appellant's gravel road.    By lapse of sufficient time that maintenance will ripen into a right.    For reasons stated this is not a case for the application of the maxim *de minimis non curat lex.*"

The case before us is not one in which a permanent right is affected.    The distinction is discussed and illustrated in *Funk* v. *Evening Post Pub. Co., supra.*

Some complaint is made in argument in relation to the instructions given to the jury.    But upon a comparison of all the instructions, including those given at the request of the appellant, we cannot conclude that they were prejudicial to the appellant's rights. It may be that if we were called upon to decide, we would be of opinion that it would have been proper to instruct the jury upon the subject of nominal damages, but no such instruction was asked.    There being no reversible error in the instructions given, we can not reverse for failure to give additional instruction not requested.    The judgment is affirmed.