# WHITE *v.* SUN PUBLISHING COMPANY.

[No. 20,212.    Filed March 29, 1905.]

1. PLEADING.—*Demurrer.*—*Grounds.*—A demurrer must assign some statutory ground.   p. 427.
2. EVIDENCE.—*Libel.*—*Retraction.*—A retraction published by a newspaper is competent evidence for defendant in an action against the owners of such paper for damages for libel.   p. 427.
3. TRIAL.—*Instructions.*—*Record.*—The presumption, in the absence of an affirmative showing by the record, is that instructions refused were not presented before the argument in the cause began, and therefore were properly refused.   p. 428.
4. NEW TRIAL.—*Instructions.*—*Exceptions.*—The assigning of the giving of an instruction as a reason for a new trial presents no question where no exception was reserved to such giving.   p. 429.
5. TRIAL.—*Instructions.*—*Harmless Error.*—An instruction that "if the jury believe" certain enumerated facts "from the evidence" and which wholly failed to inform the jury the purpose or effect of such evidence was harmless.   p. 429.
6. NEW TRIAL.—*Damages.*—*Insufficiency.*—A new trial will not be granted on account of the smallness of damages assessed by the jury.   p. 429.
7. LIBEL.—*Damages.*—*Exemplary.*—A libel which may be the subject of a criminal prosecution will not subject its author to the payment of exemplary damages.   p. 430.
8. APPEAL AND ERROR.—*Nominal Damages.*—The Supreme Court will not reverse a cause where the damages recoverable are nominal.   p. 430.
9. SAME.—*Constitutional Question.*—The Supreme Court will not decide a constitutional question, when the decision can be placed on other grounds.   p. 430.

From Marion Circuit Court (10,037); *Henry C. Allen,* Judge.

Action by Myrta White against the Sun Publishing Company.   From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Collie E. Kinney* and *E. S. Rogers,* for appellant.
*Charles W. Smith, John S. Duncan, H. H. Hornbrook* and *A. P. Smith,* for appellee.

Monks, J.—Appellant brought this action against appellee to recover damages for libel. Appellee filed an answer in two paragraphs, the first paragraph being a general denial, and the second paragraph a partial answer as to all except compensatory damages. Appellant's demurrer for want of facts to the second paragraph was overruled. A trial of said cause in the year 1902 resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee. The jury found, in answer to a special interrogatory, that the "article complained of by plaintiff was false."

1. The errors assigned call in question the action of the court in overruling appellant's demurrer to the second paragraph of answer and her motion for a new trial. It is insisted by appellee that the demurrer was properly overruled, because it did not assign any statutory ground of demurrer. The demurrer was substantially the same in form as the one held insufficient in *Reed* v. *Higgins* (1882), 86 Ind. 143-145, and upon the authority of that case we hold that the court below committed no error in overruling the same. *Young* v. *Warder* (1884), 94 Ind. 357, 358, and cases cited; *Thomas* v. *Goodwine* (1882), 88 Ind. 458.

2. The libel for which this action was brought was published on November 7, 1899. On the next day, November 8, appellee published a correction of said publication of November 7, the same being published in as conspicuous a place and type as the publication of November 7. On the trial of the cause the appellee offered this retraction in evidence, to which offer the appellant objected upon the ground that such retraction "was not in any sense a compliance with the law, which would entitle the defendant to purge itself of the charge of libel, the said article not appearing in the same place and not in as conspicuous a place as was the article sued upon in the complaint."

The admission of this evidence was the third cause alleged in the motion for a new trial. On November 15 appellant served a notice on appellee that the publication of November

7 was false and defamatory, and upon the same and succeeding day appellee published a retraction or correction of the publication in the issue of November 7, in as conspicuous type and in the same place as the publication of November 7. When the appellee offered this retraction in evidence, appellant objected to its introduction, on the ground that "it was incompetent, irrelevant and immaterial, because the statute provides that the publication of the retraction, to purge the defendant, must be made within three days from the time that the knowledge of the mistake or misapprehension was first brought to the defendant; and for the further reason that the statute referred to is unconstitutional." This objection was overruled and the evidence admitted. The admission of this evidence is assigned as the fourth cause in the motion for a new trial. It is clear that both of said publications were admissible in evidence as tending to decrease the amount of damages which without their publication appellant would have sustained, and the same were proper, therefore, to be considered by the jury in estimating the damages, whether the statute (§§376a, 376b Burns 1901, Acts 1895, p. 91, §§1, 2) was constitutional or not. *Tresca* v. *Maddox* (1856), 11 La. Ann. 206, 66 Am. Dec. 198, 200; *Samuels* v. *Evening Mail Assn.* (1875), 6 Hun 5, 9; *Turner* v. *Hearst* (1896), 115 Cal. 394, 402, 47 Pac. 129; 18 Am. and Eng. Ency. Law (2d ed.), 1109; Townshend, Slander and Libel (4th ed.), §413; 1 Joyce, Damages, §420.

3. Appellant, in her motion for a new trial, assigned several causes based upon the refusal of the court to give certain instructions requested by her. Appellee insists that no error was committed in refusing to give said instructions, for the reason that it is not shown by the record that appellant requested the giving of said instructions before the commencement of the argument. The record does not show that said instructions were requested before the commencement of the argument as claimed by appellee, and the pre-

sumption, therefore, is that they were refused because not requested in time. *Ransbottom* v. *State* (1896), 144 Ind. 250, 255, 256, and cases cited; *Cleveland, etc., R. Co.* v. *Ward* (1897), 147 Ind. 256, 257; *Craig* v. *Frazier* (1891), 127 Ind. 286, 288; *Puett* v. *Beard* (1882), 86 Ind. 104, 107, and cases cited; 2 Woollen, Trial Proc., §4043; Elliott, App. Proc., §735.

4.  Appellant assigns as a cause for a new trial that the court erred in giving instructions three and four to the jury. It is disclosed by an examination of the record that appellant did not except to the giving of said fourth instruction. No exception having been taken by appellant to the giving of said instruction, assigning the giving thereof as a cause for a new trial presents no question for decision by this court. *Trogden* v. *Deckard* (1874), 45 Ind. 572, 575, and cases cited; *Mendenhall* v. *Treadway* (1873), 44 Ind. 131, 135, 136; *Jenkins* v. *Wilson* (1895), 140 Ind. 544, 547, and cases cited.

5.  The third instruction given by the court, mentioned in said cause for a new trial, enumerated certain facts under the proviso, "If the jury believe" the same "from the evidence," but wholly failed to inform the jury what effect they should or might give thereto, or the purpose for which the same might be considered, if at all. It is evident that what was said in said instruction was harmless.

The other causes assigned in the motion for a new trial are that the verdict of the jury is not sustained by sufficient evidence, and that it is contrary to law.

6.  It is only where there is no evidence to sustain one or more facts essential to support the verdict that this court can reverse the judgment on the evidence. *Mead* v. *Burk* (1901), 156 Ind. 577, 582; Ewbank's Manual, §47, p. 69. In an action for libel, the damages which may be awarded are peculiarly within the discretion of the jury. *Tracy* v. *Hacket* (1898), 19 Ind. App. 133, 135, 65 Am. St. 398, and cases cited. Under the code of procedure in civil

cases (§569 Burns 1901, §560 R. S. 1881 and Horner 1901), in actions for injury to person or reputation, a new trial can not be granted on account of the smallness of the damages assessed by the jury. *Sharpe* v. *O'Brien* (1872), 39 Ind. 501; *Gann* v. *Worman* (1880), 69 Ind. 458, 463.

7. The libel alleged in the complaint was one for which the wrongdoer was liable to both a criminal prosecution and a civil action. This being the case, it is well settled in this State that appellant, if she recovered, would be entitled only to compensatory damages, and that exemplary or punitive damages could not be assessed in her favor. *Wabash Printing, etc., Co.* v. *Crumrine* (1890), 123 Ind. 89, 93, and cases cited; *Tracy* v. *Hacket, supra.*

8. The findings of the jury in answer to special interrogatories submitted by the court show that if the general verdict had been for appellant the damages awarded her could have been only nominal. Disregarding §§376a, 376b Burns 1901, Acts 1895, p. 91, §§1, 2, which appellant claims are unconstitutional, the most we can hold for appellant, as a matter of law upon the evidence, is that she was entitled to a verdict for nominal damages. This, however, affords no ground for the reversal of a judgment by this court. *Platter* v. *City of Seymour* (1882), 86 Ind. 323, 327; *Tracy* v. *Hacket, supra; Smith* v. *Parker* (1897), 148 Ind. 127, 134, and cases cited; *Coffin* v. *State* (1896), 144 Ind. 578, 582, 55 Am. St. 188; *Wimberg* v. *Schwegerman* (1884), 97 Ind. 528, 530.

9. It is settled that this court will not decide a constitutional question when it can, as in this case, properly rest its decision upon other grounds. *Hart* v. *Smith* (1902), 159 Ind. 182, 198, 199, 58 L. R. A. 949, 95 Am. St. 280; *Toledo, etc., R. Co.* v. *Long* (1903), 160 Ind. 564, 565; *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166, and cases cited; *State, ex rel.,* v. *Reardon* (1903), 161 Ind. 249, 251, and cases cited.

Judgment affirmed.