### M. ROSENBAUM V. MARTHA ROCHE.

Decided May 1, 1907.

**1.—Slander—Damages—Loss of Reputation.**

In an action for slander by language charging plaintiff with theft the jury may be instructed to consider injury to reputation in estimating damages without testimony showing actual loss of reputation.

**2.—Slander—Privileged Communication.**

Where the father of an unmarried daughter, living with him and under his protection, though not a minor undertakes to investigate the cause of her discharge from employment by defendant, the answer made to his demand is a privileged communication, which can not be made the basis of an action for slander, though the investigation and inquiry were not made at her instance nor with her knowledge, but such communication though made to the parent would be actionable and not privileged if volunteered by defendant.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*McGrady & McMahon,* for appellant.—Plaintiff, being an unmarried daughter, living with her father, under his protection, care, support, and as a member of his family, entitled him to ask of defendant why he had discharged her from his employ where such discharge was without explanation,. under suspicious circumstances; and defendant's reply to her father that he discharged her for stealing, if defendant so believed and said it in good faith, would be privileged, even without the knowledge or consent of plaintiff. Missouri Pac. Ry. v. Richmond, 73 Texas, 575; Moore v. Butler, 48 N. H., 161; Lewis v. Chapman, 16 N. Y., 369; Hix v. State 20 S. W. Rep., 550; Ormsby v. Douglass, 37 N. Y., 477.

*Moore, Parke & Birmingham* and *Thurmond & Steger,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action of slander by the appellee against the appellant, and judgment was rendered in favor of the former for the sum of $500 actual and $500 exemplary damages.

There are some objections urged to evidence and the charge of the court submitting the facts raised by the evidence, on the ground that there is a variance between the words or language stated in the petition as the basis of the slander, and the words established and proven by the evidence. These assignments are overruled.

The fifth assignment of error complains of that part of the charge of the court which, in effect, instructs the jury that they could consider in estimating the damages, the loss of reputation. This is objected to on the ground that there is no testimony as to any loss or injury to reputation. Specific proof upon this point need not be made. It is a question to be passed upon by the jury from all of the evidence in the record. A similar question was directly raised in Belo v. Fuller, 84 Texas, 450, and it was there held that evidence tending to show that the plaintiff had suffered or sustained loss of reputation was not necessary.

In reference to the question raised in the 10th assignment of error, if it should appear upon another trial that Miss Roche approached the defendant to ascertain the reason why he discharged her, or requested him to repeat the statement made to her father, and in answer thereto he gave as a reason or repeated the statement at her request, it would not be the basis of an action for slander.

The 6th, 7th and 8th assignments of error will be considered together. The trial court, as a part of subdivision 6 of its charge, in effect instructed the jury that the statement made by the appellant to appellee's father when the latter requested of appellant the reason why he had discharged his daughter, would not be privileged, unless the father was authorized by the daughter to request of appellant the reason for her discharge. The objection to this charge is based on the contention that, under the facts of this case, the investigation and inquiry by the father into the matter of discharge from her employment by the appellant, was a moral and legal duty resting upon the father; and in the pursuit of the inquiry the statement made by the defendant in response to the questions asked by the father would be privileged. It appears from the facts that the appellee, Miss Roche, was a young lady 22 years of age at that time, that she lived with her parents and was a member of the family, and the father testified that she was under his care and protection, and that he was supporting her as far as she needed support, and that she had no other home.

There is a conflict in the evidence of the father of appellee and of the appellant as to what occurred at the interview between them. It is in effect shown by the evidence of Mr. Roche, the father, that he did not bring up the subject of the discharge of his daughter by the appellant, his daughter having clerked for the latter in his store, but that he went to the appellant's store for the purpose of purchasing some goods, and when there the appellant himself brought up the subject of the discharge of the daughter, and voluntarily,

without response to inquiry from the father, stated the reason why the daughter was discharged; and what was then said by the appellant is one of the statements declared upon as a basis for the slander. On the other hand, appellant, in effect, testified that he was approached by the father and· was requested to state the reason why his daughter had been discharged, and in response to that request, made the statement referred to. If it is true, as stated by the father, that the appellant voluntarily and without request, stated to the father the reason why the discharge was made, the statement would not be privileged; but we are inclined to the opinion that if it was in response to a request made by the father, in view of the facts as stated, the statements of the appellant would be privileged. Long v. Peters, 47 Iowa, 239; Rude v. Nass, 24 Am. St. Reps., 718; Moore v. Butler, 48 N. H., 161; Fresh v. Cutter 73 Md., 91; Hix v. State, 20 S. W. Rep., 550; Davis v. State, 22 S. W. Rep., 979; Sharp v. Bowlar, 45 S. W. Rep., 90; 18 Am. & Eng. Ency. Law (2d ed.) 1028, 1037. Some of the cases cited discuss the general principles of privileged statements, and some are instances in which responses made to inquiries by parents who are investigating charges made against their minor children were held to be privileged; and in some of the cases it does not appear whether the children slandered were or not of age. But the principle underlying these cases is that statements made in response to an inquiry and investigation by the parent of a slander against a child which is under his care and protection are privileged.

The facts in this case show that Miss Roche was living with her father as a member of his family, and under his care and protection; and, although she had reached her majority, that fact did not relieve the father of the moral duty of taking such steps as the law authorized for her protection, and pursuing the course natural in such a case of investigating accusations and charges made against her that affected her character and reputation. And in performing this duty the right of the father to act need not be based upon the authority of the daughter; and if, as before said, the statement of the appellant was in response to the inquiry made by the father in the pursuit of his investigation, the communication would be privileged. If, on the other hand, it was a voluntary statement made by the appellant, not in response to an inquiry from the father, it would not be privileged.

The remaining assignments have been examined and they present no reversible error, but for the reason pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*