### VON SCHOECH v. HERALD NEWS CO.
### (No. 1282.)

(Court of Civil Appeals of Texas. El Paso. Feb. 9, 1922. Rehearing Denied March 2, 1922.)

1. **Evidence ☞382—Evidence held to show that book in which entry was made was public record.**

In an action for libel contained in newspaper articles, charging that a person of similar name to plaintiff's was a German spy, and consorted with German enemies in Mexico during the war, rendering aid to them and plotting against the United States, evidence *held* sufficient to show that a book in which plaintiff's name was entered as being of German nationality was a Mexican public record.

2. **Evidence ☞367—Public records provable by examined copies.**

Public records are provable by examined copies, in the absence of a statute making certified copies the only method of proof.

3. **Evidence ☞367—No error in admission of examined copy of entry in public record, existence of which plaintiff admitted.**

In an action for libel contained in newspaper articles, charging that a person of similar name to plaintiff's was a German spy, and consorted with German enemies in Mexico during the war, rendering aid to them and plotting against the United States, where plaintiff testified that the Mexican authorities registered his license as a physician in a book at a certain town, the court did not err in admitting an examined copy of such entry, which listed plaintiff's nationality as German.

4. **Appeal and error ☞1050(1)—Admission of testimony as to contents of entry in public record held harmless.**

In an action for libel contained in newspaper articles charging that a person of similar name to plaintiff's was a German spy and consorted with German enemies in Mexico during the war, rendering aid to them and plotting against the United States, where plaintiff admitted he was born in Germany and did not come to the United States until about 20 years old, and it was shown conclusively that he had become a naturalized citizen of this country, testimony that plaintiff's nationality was listed as German in a book in the municipal building of a Mexican town, where plaintiff registered his doctor's certificate, was harmless, if inadmissible.

5. **Libel and slander ☞33, 123(9) — Where words charged were libelous per se and false, damage is presumed, but jury may award nominal damages only.**

In an action for libel, where no special damage was claimed, the matter complained of was libelous per se, and the truth thereof was not shown, the law presumes general damage, but it is within the province of the jury to allow nominal damages only.

6. **Appeal and error ☞1171(6)—Failure to award nominal damages held not ground for reversal.**

Where the jury found for defendant in a libel suit, though the matter complained of was libelous per se, and the truth thereof not shown, in which case the law presumes a general damage, the judgment will not be reversed merely because nominal damages, to which plaintiff was entitled, were not assessed, in the absence of error by the court which led the jury erroneously to disallow such damages; no permanent right being affected.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Dr. K. Von Schoech against the Herald News Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Gold & Kroeckel, L. A. Dale, and J. M. Nealon, all of El Paso, for appellant.

Jackson & Fryer and S. J. Isaacks, all of El Paso, for appellee.

HIGGINS, J. The appellant, Dr. Konrad Von Schoech, brought this suit to recover damages for an alleged libelous publication. The libelous matter was contained in certain articles appearing in the El Paso Herald, a newspaper published by the appellee. The articles were written by a Dr. Altendorf, and in substance stated that a Dr. Arnold Von Schoeck in Hermosillo was a German spy, and other statements to the effect that said Dr. Von Schoeck consorted with German enemies in Mexico during the late war, rendered aid to them, and plotted against the United States. It was alleged that the statements referred to the plaintiff, and greatly

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

damaged him. There was a verdict and judgment for the defendant.

Error is assigned to the action of the court in permitting Hon. Dan M. Jackson, a witness for defendant. to testify:

"That in the month of April, 1921, he went to the town of Navajoa, in the state of Sonora, in the Republic of Mexico, and called at the municipal building in said town and asked for a book known as the book of registration of the titles of doctors, and there was exhibited to him in said municipal building a book so labeled, and that on a page in said book he found written in Spanish an entry in substance and to the effect that the plaintiff in this suit had registered his doctor's certificate or title, showing, among other things, the nationality of the plaintiff as being of German nationality."

A copy of the entry and a translation thereof was offered in connection with the testimony. The translation reads:

"1918, April 19, Doctor Konrad Von Schoech, nationality, German."

[1, 2] In our opinion the evidence is sufficient to show that the book in which the entry was made was a Mexican public record, and it is well settled that public records are provable by examined copies, in the absence of a statute making certified copies the only method of proof. 1 Greenleaf on Evidence, §§ 91, 508, 509.

[3,4] The plaintiff himself testified:

"Before I started to practice in Navajoa I went down to the municipality and registered my state license with the President. * * * I then went to the municipality of Navajoa and produced my state license, and they registered it in a book and gave me a city license. It is called the certificate. * * *"

In view of the plaintiff's own testimony that the Mexican authorities had registered his license in a book at Navajoa, there was no error in admitting the examined copy. But, if inadmissible, it was harmless. The only matter to which the plaintiff could object was the statement in the entry of his German nationality. He admitted that he was born in Germany, and did not come to the United States until about 20 years old. It was further conclusively shown that he had become a naturalized citizen of the country, receiving his final papers in 1916. We are therefore of the further opinion that the evidence, if inadmissible, was harmless, and affords no ground for reversal.

[5] The further contention is made that the verdict and judgment is contrary to and unsupported by the evidence. In view of the variance between the name of the plaintiff and the party referred to in the articles it is perhaps doubtful whether we would be authorized to hold that the jury could not properly have found that the plaintiff was not the person referred to in the publication. But, aside from this, it was peculiarly the province of the jury to pass upon the issue of damage resulting from the libel. No special damage was claimed. It was simply claimed by the plaintiff that he had been generally damaged in his good name and reputation, and had suffered mental anguish. The matter complained of, or at least that portion submitted to the jury, was libelous per se, the truth thereof was not shown, and in such case the law presumes a general damage. While such is the legal inference, *it does not follow that substantial damages must be awarded, but the jury may allow nominal damages only.* We are therefore of the opinion that the verdict and judgment cannot be set aside because of the failure to award substantial damages.

[6] As we construe appellant's contention, he complains of the failure to allow substantial damages, and makes no point upon the failure to award at least nominal damages. But if such failure is within the scope of the assignments, then we are of the further opinion that, since no permanent right is affected and there has been no error committed by the court which led the jury erroneously to disallow even nominal damages, the case should not be reversed for the mere reason that nominal damages, to which the plaintiff was entitled, were not assessed. Tracy v. Hacket, 19 Ind. App. 133, 49 N. E. 185, 65 Am. St. Rep. 398; Funk v. Evening Post Pub. Co., 76 Hun, 497, 27 N. Y. Supp. 1089; Crawford v. Bergen, 91 Iowa, 675, 60 N. W. 205; Rundell v. Butler, 10 Wend. (N. Y.) 119; Patton v. Hamilton, 12 Ind. 256; Townshend on Slander and Libel, § 295.

Affirmed.