## HOOKER v. FORT WORTH PRESS CO.
### (No. 2205.)

Court of Civil Appeals of Texas. El Paso. Nov. 22, 1928.

Rehearing Denied Dec. 13, 1928.

Templeton & Templeton, of Fort Worth, for appellant.

Frank A. Ogilvie, of Fort Worth, for appellee.

HIGGINS, J. This is a suit for damages by the appellant, Hooker, against the Fort Worth Press Company, alleged to have been sustained by the publication of a libelous article in the Fort Worth Press, which reads:

"Water Theft is Charged.

"Complaint Filed Against Plumber.

"First water theft case resulting from investigations started by the City Water Department was filed against D. S. Hooker, plumber, in the County Court Friday.

"It is alleged that he made a 'straight connection' with the street mains for a house in 3000 block Cockrell Street. City officials stated he did it to test out pipes in an unoccupied home. K. C. Naugle, of the water department, swore out the complaint.

"First Complaint.

"Hooker's was the first case resulting from examinations started last summer. City Manager Carr stated at that time that thousands of gallons of water were being stolen from the mains.

"He said the City had located two or three 'big water thieves' and expected to make

them pay past bills. However, no charges have been filed as yet.

"Naugle stated the water department was expecting to develop other cases soon."

The petition is in the usual form for the recovery of damages, actual and exemplary, as for libel.

The case was submitted on special issues, which, with the answers returned, read:

"Question One: Did the plaintiff, D. S. Hooker, on or about the 18th day of February, 1926, unlawfully and intentionally, by means of a certain pipe commonly known as a straight connection, without the consent of the City of Fort Worth, divert or cause to be diverted at or near 3041 Cockrell street in said City, City water produced and distributed by said city from the pipe or pipes of said city with the intent to defraud said city of the value of the water so diverted, as was charged in the complaint which was filed against him in the County Court of Tarrant County, Texas?

"Answer: No.

"Question Two: If you have answered Question One in the affirmative, you need not answer any of the following questions, but if you have answered same in the negative, then you will answer the following questions: Did the publication of the article introduced in evidence before you, in the Fort Worth Press, under the circumstances and in the manner in which the same was printed or published, cause an impression to be made or an opinion formed in the mind of the average or ordinary reader of such publication, that the plaintiff, D. S. Hooker had taken or used water of the City of Fort Worth with the intent to defraud said City of said water or its value, or that said plaintiff, D. S. Hooker, was a water thief?

"Answer: Yes.

"Question Three: Was said article in question a fair, true and impartial account of the proceedings that were pending in the County Court at Law No. 1, Tarrant County, Texas, in the case of State of Texas v. D. S. Hooker?

"Answer: No.

"Question Four: If you have answered Question Three in the affirmative, you need not answer this question, but if you have answered same in the negative, then you will answer: Were the matters contained in said article and which are complained of in the plaintiff's petition, when read in connection with the whole of said article, a reasonable and fair comment upon, or criticism of matters of public concern published for general information?

"Answer: No.

"Question Five: Did the plaintiff, D. S. Hooker, as a result of such publication of said article, suffer any financial injury to his business?

"Answer: No.

"Question Six: (This question was condi-

tional upon an affirmative answer to question 5.)

"Question Seven: Did the plaintiff, D. S. Hooker, suffer any humiliation or mental anguish caused by the language of said publication and the manner of its publication and circulation?

"Answer: Yes.

"Question Eight: If you have answered Question Seven in the negative, you need not answer this question, but if you have answered same in the affirmative, then you will state what amount, if any, you award plaintiff as compensation for the humiliation and mental anguish, if any, which he suffered occasioned by the language used in said article and the manner in which same was published and circulated?

"Answer: One Dollar and Cost."

Upon these findings judgment was rendered in Hooker's favor for $1 and costs, from which he appeals.

Among other allegations in the petition it was averred:

"The plaintiff is, and for many years he has been engaged as a plumbing contractor and Master Plumber in the City of Fort Worth, where he has a large number of friends and acquaintances, and where he has heretofore enjoyed a good reputation as an honest and law abiding man. * * *

"Plaintiff charges that such publication was, and that it is, false, slanderous and libelous, and was calculated to brand plaintiff as a thief, and to bring him into disrepute among his acquaintances and with the general public; that it tended to injure his reputation and thereby expose him to public hatred, contempt and financial injury, and to impeach his character and reputation for honesty and integrity; that it was also, calculated to injure him and cause him pecuniary loss in his business; and he verily believes and charges that such statements so made, published and circulated, have caused him material loss and damage in his business, and he has been caused to suffer great annoyance and humiliation and mental anguish by reason of the publication and circulation of such false and slanderous statements as stated above.

"Prior to the publication of such statements, plaintiff had always borne and had a good reputation for honesty and fair dealing, and had earned and had the respect and confidence of his neighbors and acquaintances, and of the general public with whom and among whom he carried on his business. And while he does not know and cannot state definitely and with certainty the extent to which he has been financially damaged by the making, publishing and circulating of such false and libelous statements, yet he does know that his reputation and standing as an honest man has been seriously and materially affected and injured; and he verily believes and

charges that he has been thereby injured and damaged to the extent of several thousand dollars."

It will be observed the only items of recoverable damage submitted were financial injury to plaintiff's business and for alleged humiliation and mental anguish caused by the publication.

The plaintiff requested the court to submit questions 4 and 5 as follows:

"Question No. 4: Did the plaintiff D. S. Hooker, as a result of the publication and circulation of said article, suffer any injury or damage to his reputation for honesty or integrity?

"Question No. 5: What amount of money, if any, do you find will fairly and reasonably compensate the plaintiff for the injury or damage, if any, caused to his reputation for honesty and integrity?

The court refused to submit same.

It is well settled that in actions of this nature the plaintiff is entitled to compensation for injury to his character or reputation caused by the defamation.

The effect of the publication, as the second finding established, seriously reflected upon plaintiff's character and reputation by charging that he had taken or used water with intent to defraud the city of Fort Worth of such water or its value, or that he was a water thief.

For an actionable charge of this nature compensatory damages to the character and reputation of the plaintiff are recoverable, and they are regarded as general damages, which are presumed to have been sustained. Belo & Co. v. Fuller, 84 Tex. 450, 19 S. W. 616, 31 Am. St. Rep. 75; Rosenbaum v. Roche, 46 Tex. Civ. App. 237, 101 S. W. 1164; Houston Printing Co. v. Moulden, 15 Tex. Civ. App. 574, 41 S. W. 381; Belo & Co. v. Smith (Tex. Civ. App.) 40 S. W. 856; Schulze v. Jalonick, 14 Tex. Civ. App. 656, 38 S. W. 264.

The pleadings raised the issue presented by the requested questions, and the assignment complaining of the refusal to submit same is sustained.

The principal ground of error urged in appellant's brief relates to the refusal of the jury to award more than nominal damages for the alleged humiliation and mental anguish suffered by him. Such damages cannot be estimated by any fixed rule, and the amount to be awarded is peculiarly within the province of the jury. Its decision should not be disturbed unless it appears to have been affected by passion, prejudice, or other improper influence. International & G. N. R. Co. v. Gilbert, 64 Tex. 536.

In actions for libel the amount of damages to be awarded rests in the sound discretion of the jury, or of the trial judge when tried without a jury. Generally such damages are purely personal and cannot be measured by any fixed standard. Newell on Libel and Slander (4th Ed.) pp. 811 and 820; 17 R. C. L. 445; 25 Cyc. 558; Irwin v. Cook, 24 Tex. 244.

The case of Von Schoech v. Herald News Co., 237 S. W. 651, was an action for damages based upon a defamation, libelous per se, and the truth thereof was not shown. No special damage was asserted, but it was claimed by plaintiff he had been damaged in his good name and reputation. In that case this court said:

"The matter complained of, or at least that portion submitted to the jury, was libelous per se, the truth thereof was not shown, and in such case the law presumes a general damage. While such is the legal inference, it does not follow that substantial damages must be awarded, but the jury may allow nominal damages only. We are therefore of the opinion that the verdict and judgment cannot be set aside because of the failure to award substantial damages."

In the same case, with reference to the failure of the jury to award even nominal damages, it was further said:

"* * * Since no permanent right is affected and there has been no error committed by the court which led the jury erroneously to disallow even nominal damages, the case should not be reversed for the mere reason that nominal damages, to which the plaintiff was entitled, were not assessed. Tracy v. Hacket, 19 Ind. App. 133, 49 N. E. 185, 65 Am. St. Rep. 398; Funk v. Evening Post Pub. Co., 76 Hun, 497, 27 N. Y. S. 1089; Crawford v Bergen, 91 Iowa, 675, 60 N. W. 205; Rundell v. Butler, 10 Wend. (N. Y.) 119; Patton v. Hamilton, 12 Ind. 256; Townshend on Slander and Libel, § 295."

The assignment complaining of the finding upon issue 5 is overruled. This was a question of fact, and the finding of the jury is controlling.

In view of the form of the special issues as submitted, there was no error in refusing to give a definition of libel and in refusing the issue requested in connection with such definition.

Complaint is made of several rulings upon evidence, none of which present any error except the admission of article 1056, P. C., which, upon retrial, should be excluded.

None of the other propositions submitted present any error.

Reversed and remanded.