**SHELY et al. v. HARNEY et al.**

No. 11188.

Court of Civil Appeals of Texas.
San Antonio, Texas.

June 17, 1942.

Sidney P. Chandler, of Corpus Christi, for appellants.

Jas. B. Hubbard and Pichinson & Alsup, all of Corpus Christi, for appellees.

NORVELL, Justice.

This is a libel action. William Shely and John Harney were opposing candidates for nomination to the office of sheriff of Nueces County in the Democratic run-off primary of 1938.

During the campaign, Harney and his political supporters circulated various articles and publications reflecting upon Shely's administration as Sheriff of Nueces County, a position then held by Shely. Shely instituted this action for damages alleged to have resulted from the publications, naming Harney and others as defendants. Upon Shely's death, Josephine Shely, widow of William Shely, and executor of his estate, together with the three Shely children, were substituted as parties plaintiff. Trial was to a jury, which answered some thirty-three special issues favorably to the defendants, and judgment that plaintiffs take nothing was rendered upon the verdict.

By their first point appellants complain that the trial court erred in allowing the witness Roy Hinton to testify "as to what he had been told or had learned from investigation of an alleged difference between Wm. Shely and the District Attorney's office."

In a publication called "Nueces Democrat," Harney and certain of his political adherents, under the heading, "End Strife at Court House by Elécting Harney," charged that "it is a well known fact that Wm. Shely has refused to cooperate with

840

Joe Hatchitt (the District Attorney) and his assistants during the past two years, and is now openly antagonistic to him and has refused to aid in enforcing the law * *. *."

Appellants called a witness named Roy Hinton, who testified that he was Harney's campaign manager in the 1938 primary contest, and had read and approved for publication the articles afterwards published in the "Nueces Democrat," including the one relating to the alleged friction between the Sheriff and the District Attorney.

Upon cross-examination by appellees' attorneys, Hinton testified that he did not circulate wilful lies; that he was not personally present at a time when dissension took place between the Sheriff and District Attorney, but knew of it only by what he had been told by officials at the court house. An objection invoking the rule against hearsay was made by appellants.

Appellees' statement in support of the admissibility of the evidence was that "we are cross-examining the witness and we are seeking now to find where the information came from that he made the publication about."

■ No error is disclosed by the trial court's overruling of appellants' objection. While the testimony admitted may have been incompetent to prove the truth of the charge that friction existed between the Sheriff and District Attorney, it seems well settled that a defendant charged with the making of a libelous statement may show the source from which he obtained the information upon which the alleged libel was based. Such matters may be considered in mitigation of damages, especially when a recovery of exemplary damages is sought, as in the case before us. Democrat Publishing Co. v. Jones, 83 Tex. 302, 18 S.W. 652; 25 Tex.Jur. 712.

■ No request for an instruction limiting the consideration of the testimony to a particular purpose appears to have been made and we conclude that no reversible error is presented by appellants' first point. Ross v. Moskowitz, 100 Tex. 434, 100 S.W. 768.

Appellants' second point complains of the admission of testimony with reference to treatment received by the witness Higino Gonzales, at the hands of a Texas ranger and the then City Marshal of Robstown, Texas.

In the issue of the "Nueces Democrat" above referred to appears an article headed, "Mexican Youth is Brutally Beaten, Latin American says Shely turned him over to Assistants."

Appellees pleaded that the matters and facts set forth in this particular article, as well as others complained of by appellants, were substantially true and correct.

The burden of appellants' complaint is that Shely was not shown to have been connected with the particular occurrences related in the publication.

Gonzales testified that while in the custody of the ranger he appealed to Shely in order to obtain his release. That Shely said "No, I can't do nothing," and turned to the ranger and "told him that I, (Gonzales) knew plenty and to take it out of me."

Gonzales then detailed the treatment he had received at the hands of the ranger.

■ The testimony was admissible upon appellees' plea of justification. The question involved is one relating to the admissibility of evidence. Under the pleadings, it was permissible to show that Gonzales had been mistreated, as charged in the newspaper article, and that Shely was connected with such mistreatment. The fact that the evidence tending to show Shely's connection therewith might be considered slight or unconvincing does not render such evidence inadmissible. It had some probative effect tending to establish the truth of the charges made. Appellants' second point is overruled. 27 Tex.Jur. 760, § 88.

■ Appellants' third point is also overruled. The witness, Jack Bickley, who had been Chief Deputy under Shely, testified, that "some of them (deputies under Shely) gave very efficient service, but the men that had men out of the County, I didn't think they were efficient, that was my opinion. * * * I considered George Lowman and Butler inefficient for carrying those men out of the County to other Counties."

This testimony was objected to as being an opinion or conclusion of the witness and being an invasion of the province of the jury.

There was testimony to the effect that both Lowman and Baker had transported

persons in their custody from Nueces County to certain adjacent or nearby counties. The basis of Bickley's so-called conclusion was therefore before this jury. Appellants were in no way prejudiced by the trial court's rulings here complained of.

By their fourth and last point, appellants assert that "the answers of the jury to the special issues submitted are so against and contrary to the great weight and preponderance of the evidence as to be clearly wrong."

This point as applied to the record in this case is extremely general in nature. Appellants introduced in evidence six separate publications which they alleged to be libelous. Inquiry was made of the jury concerning fifteen separate statements appearing in the publications, by means of approximately fifty-six special issues, certain ones of which were to be answered or not, depending upon answers made by the jury to other issues submitted. In all, the case was submitted upon sixty-six special issues of which thirty-three were answered by the jury.

We have, however, in connection with appellants' fourth point, examined at length the statement and argument contained in appellants' brief, all direct and indirect references to the statement of facts contained therein, as well as the findings of the jury in toto. It appears that appellants' argument is, in effect, an attack upon the jury's findings favorable to appellees under their plea of justification, i. e., the truth of the publications involved.

The verdict discloses that the following issue was unconditionally submitted to the jury:

"Special Issue Number 23.

"What amount of money, if paid now, do you find from the evidence would reasonably and fairly compensate the plaintiffs for the damage sustained by Wm. Shely, if any, as a result of the publication and circulation of either or all of plaintiffs' Exhibits Nos. 1 to 6, inclusive, at the time same were published and circulated? Answer in dollars and cents, if any. Answer ———.

"In connection with Special Issue Number 23, you are instructed that plaintiffs are entitled to recover such damages as naturally, proximately and necessarily result from the publication of libel, and in determining the amount of damages you may consider generally, the injury, if any, to the character and reputation of Wm. Shely as a man and a public officer; injury to his political career; his mental anguish or suffering or injury to his feeling, if any, occasioned by such publications."

The jury answered "None."

In Von Schoech v. Herald News Co., Tex.Civ.App., 237 S.W. 651, 652, it was said:

"The further contention is made that the verdict and judgment is contrary to and unsupported by the evidence. In view of the variance between the name of the plaintiff and the party referred to in the articles it is perhaps doubtful whether we would be authorized to hold that the jury could not properly have found that the plaintiff was not the person referred to in the publication. But, aside from this, it was peculiarly the province of the jury to pass upon the issue of damage resulting from the libel. No special damage was claimed. It was simply claimed by the plaintiff that he had been generally damaged in his good name and reputation, and had suffered mental anguish. The matter complained of, or at least that portion submitted to the jury, was libelous per se, the truth thereof was not shown, and in such case the law presumes a general damage. While such is the legal inference, it does not follow that substantial damages must be awarded, but the jury may allow nominal damages only. We are therefore of the opinion that the verdict and judgment cannot be set aside because of the failure to award substantial damages.

"As we construe appellant's contention, he complains of the failure to allow substantial damages, and makes no point upon the failure to award at least nominal damages. But if such failure is within the scope of the assignments, then we are of the further opinion that, since no permanent right is affected and there has been no error committed by the court which led the jury erroneously to disallow even nominal damages, the case should not be reversed for the mere reason that nominal damages, to which the plaintiff was entitled, were not assessed. * * *"

We are not authorized by the record before us to set aside the jury's finding in response to Special Issue No. 23, and, under the authority above cited, it seems immaterial to a disposition of this

case whether or not one or more of the jury's findings upon appellees' pleas of justification are contrary to or unsupported by the evidence. See also Hooker v. Fort Worth Press Co., Tex.Civ.App., 11 S.W.2d 586.

The verdict as a whole is not against the preponderance of the evidence (if at all) to a degree that would justify this Court's setting it aside. 3 Tex.Jur. 1097, § 769.

For the reasons above stated, we hold that no reversible error is presented by appellants' fourth point.

All of appellants' points having been disposed of, the judgment of the trial court is accordingly affirmed.