## SMITH ET AL. v. FISCUS ET AL.

[No. 8,929. Filed January 26, 1916. Rehearing denied April 25, 1916. Transfer denied May 31, 1916.]

1. BROKERS.—*Real Estate Brokers.—Fraud.—Liability.*—Where it appears from the evidence that one of the appellants, a real estate broker, entered into a contract with the appellees to sell their land and did negotiate a sale of such land, but represented to appellees that he could secure a price for their land much less than that actually received and, by means of a conveyance to an associate, who then conveyed the land to the real purchaser, defrauded the appellees of a large part of the purchase money, which money so fraudulently obtained was divided between himself and coappellants, *held*, that even if no actual fraud was shown, the conduct of such broker would amount to constructive fraud, as the contract to sell the real estate for appellees created a fiduciary relation which cast upon him the duty of acting in the utmost good faith. p. 159.

2. CONSPIRACY.—*Fraud.—Defenses.*—It is no defense that there was no conspiracy entered into in the beginning of the transaction and, if the arrangement between appellants was entered into during the progress of the negotiations for the sale of appellees' land, and if appellants knowingly accepted benefits from such arrangement, they thereby created an illegal conspiracy. p. 159.

3. CONSPIRACY.—*Fraud.—Liability.*—No affirmative fraudulent representation need be shown to establish a fraudulent conspiracy; a concealment of the true nature of the action being sufficient to bind all who accede to, or concur in such concealment, and all parties to an illegal conspiracy are bound by the acts of their agents. p. 160.

4. APPEAL.—*Evidence.—Sufficiency.*—The court, on appeal, is bound to view the evidence in the light most favorable to the party successful below in considering the question of the sufficiency of the evidence to sustain the verdict. p. 161.

From Greene Circuit Court, *Theodore E. Slinkard*, Judge.

Action by Noah Fiscus and others against John H. Smith and others. From a judgment for the plaintiffs, defendants appeal. *Affirmed.*

*Homer Elliot* and *Cyrus E. Davis*, for appellants.

*W. V. Moffet, Willis Hickman* and *Hubert Hickman*, for appellees.

Shea, J.—This was an action by appellees Noah and Mary E. Fiscus, husband and wife, against appellants, John H. Smith, Inman H. Fowler, Tyson T. Bixler, Freyl Crane, John C. H. Baker, Charles E. Hernly and the Exchange Bank, to recover a sum of money claimed to be due appellees on account of land sold by appellants for appellees, the proceeds of which, it is alleged, were not fully accounted for. The amended complaint, which was in two paragraphs, alleges substantially that appellant Smith, as a real estate agent, took a written contract from appellees, who were very old and feeble in body and mind, to sell 120 acres of land for them for a commission of $120; that Smith sold the land as such agent to one Philip Stanford for $3,685, and, by an arrangement entered into between himself and his coappellants, he kept in secrecy from appellees the fact that he had received $3,685 for the land sold, and falsely represented to appellees and led them to believe that he had only obtained $1,805 therefor; that he had settled with appellees on that basis, and he and his coappellants divided the remainder of the purchase money, so wrongfully obtained, among themselves, and retained the same and refused to pay over the money after demand by appellees for repayment thereof, with full knowledge of all the facts and with the intent to cheat, wrong and defraud appellees; that the money was so obtained from appellees by means of fraudulent misrepresentations and concealments, and without their knowledge or consent. Judgment for $2,000 is prayed.

Appellants answered the complaint in general denial, and a trial resulted in a verdict and judgment for appellees for $1,272. The only question properly presented in this case is the alleged error of the court in overrruling appellant's motion for a new trial, in

support of which it is argued that the verdict of the jury is contrary to law, and that the verdict of the jury is not sustained by sufficient evidence.

There is evidence from which the jury may very well have found every material allegation in both paragraphs of appellee's complaint; that is to say, there is evidence which shows that appellant Smith entered into a written contract to sell the real estate mentioned in the complaint, eighty acres of which had theretofore belonged to Noah Fiscus, and forty acres of which had belonged to his wife and coappellee; that at the time Noah Fiscus was indebted to the Exchange Bank in the sum of $1,205; that Mary E. Fiscus had no debts; that appellant Smith, who was cashier of the bank, visited appellees at their home and induced Noah Fiscus to convey his eighty acres of land to his wife for the purpose of having a mortgage executed to said bank to secure the payment of the said debt; that at the time of the execution of said deeds and mortgage, said Smith also entered into a written contract with appellees to sell or exchange their land for them for the purpose of paying off the debt due the bank; that Smith negotiated a trade for the 120 acres of land to one Philip A. Stanford for the sum of $3,685; that while said negotiations were pending, and after the terms of sale and transfer had been agreed upon, Smith represented to appellees that he could sell the 120 acres of land for $1,805 and no more, and induced appellees to accept that amount, $1,205 to be paid to the Exchange Bank which sum was due them, and a conveyance of thirteen acres of land valued at $600; that during the pendency of the negotiations Smith entered into an arrangement with his coappellants to share with them the profits of said transaction, and in pursuance thereof procured the conveyance of the 120 acres of land to be made to ap-

pellant Bixler, as trustee for the Owen County Land and Improvement Company, composed of Smith, Bixler and other coappellants, who afterward conveyed the property to Philip A. Stanford for the consideration previously agreed upon between Stanford and Smith, which consideration was paid in cash, the conveyance of the thirteen acres of real estate, and three $500 notes amply secured. The excess thus obtained by Smith over the amount paid to appellees, being about $1,500, was divided among appellants in this case.

The evidence shows that appellees were defrauded in this transaction; that appellant Smith, while ostensibly acting as the agent for appellees, 1. managed the transaction in such way as to cause the loss to appellees and a corresponding gain to himself and his coappellants, who knowingly shared with him in the profits obtained under such circumstances. Appellant Bixler allowed himself to be made the channel through which the plan was carried out. If no actual fraud was shown, this conduct would amount to constructive fraud upon the part of appellant Smith, as the contract to sell real estate for appellee created a fiduciary relation which cast upon him the duty of acting in the utmost good faith. *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654.

It will not be sufficient excuse for this conduct to say there was no conspiracy entered into in the beginning of the transaction. If the arrangement, conspiracy, or whatever it may be called, 2. was entered into during the progress of the negotiations, and appellants accepted benefits under the circumstances, in the eyes of the law an illegal conspiracy was formed. This can not receive the sanction of this court. The rule is well stated in 6 Am. and Eng. Ency. Law 864, 865, as follows:

"It is not necessary, in order that the fact of a conspiracy may be established, that it should be proved by evidence of an express agreement or compact between the alleged conspirators, or by direct evidence of any agreement or compact. A conspiracy may be proved inferentially, or by circumstantial evidence. Conspiracies from their very nature, it has been said, are usually entered into in secret, and are consequently difficult to be reached by positive testimony, which renders it peculiarly necessary and proper to permit them to be inferred from circumstances."

It frequently has been held that no affirmative fraudulent representations need be shown, a concealment of the true nature of the action being sufficient. *Place* v. *Minster* (1875), 65 N. Y. 89.

In the case of *Wolfe* v. *Pugh* (1885), 101 Ind. 293, 308, the court uses this language: "All who accede to, concur in, and willingly and knowingly become parties to and further a conspiracy, are parties to it, without proof of further or previous agreement to concur in and further it." It is the judgment of this court that all persons connected with the Owen County Land and Improvement Company were bound by the acts of Smith and Bixler. *Mendenhall* v. *Stewart* (1897), 18 Ind. App. 262, 47 N. E. 943; *Sanderson* v. *State* (1907), 169 Ind. 301, 82 N. E. 525.

The evidence fully sustains the verdict. The verdict is not contrary to law. No reversible error was committed in the admission or refusal to admit certain evidence complained of.

Many technical questions are raised with respect to the instructions given by the court, and those tendered by appellant which were refused. We have examined the instructions and find no error of

substantial merit which would warrant this court in reversing this judgment.

Taking into account the evidence most favorable to appellees, which we must do in considering questions of the sufficiency of the evidence 4. to sustain the verdict on appeal to this court, we are of the opinion that the trial court reached a proper conclusion in holding that there was a fraudulent conspiracy, which resulted in loss to these appellees in the amount for which they obtained the judgment. Under such circumstances this court will not disturb it. *National Live Stock Ins. Co.* v. *Wolfe* (1915), 59 Ind. App. 418, 106 N. E. 390. The death of appellant Charles E. Hernley was suggested prior to the date of submission. Upon appellees' petition Frost B. Hernley, administrator of Charles E. Hernley's estate, is substituted.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 203. Fraud and secret dealings of real estate brokers, note, 45 L. R. A. 33. See under (1) 9 C. J. 537; 19 Cyc 205; (3) 8 Cyc 648.