## KLUGE v. RIES.

[No. 9,418. Filed October 10, 1917. Judgment modified February 7, 1918.]

1. FRAUD.—Representations of Value.—Mere representations as to value, standing alone, are ordinarily regarded as opinions and not as affirmations of existing facts to. be relied on as to the basis of a contract. p. 615.

2. FRAUD.—Contracts.—Representations of Facts.—A contracting party may rely on the express statement by the seller of an existing fact, where he does not know the statement to be untrue and it is not obviously false. p. 615.

3. FRAUD.—Representations of Value.—Action.—Representations of value may, under certain circumstances, amount to affirmations of facts and afford the basis of an action for damages for fraud and deceit. p. 615.

4. FRAUD.—Actions.—Jury Question.—Representations of Value.— Whether a seller's representations as to value are mere expressions of opinion or affirmations of fact to be relied on is a question of fact for the jury, and cannot be determined as a matter of law, unless the evidence authorizes but a single inference. p. 616.

5. FRAUD.—Actions.—Representations of Value.—Where a seller making representations as to value assumes to have special knowledge of the value of the property and the vendee is ignorant of its value, and such fact is known to the seller, who also knows the vendee relies upon his judgment and good faith, the representations, if falsely made, may furnish the basis of an action for fraud. p. 616.

6. FRAUD.—Actions.—Representations of Value.—Where representations of value are fraudulently made by the seller, and the buyer is in ignorance of the truth, and is induced to forbear inquiries which he otherwise would have made, and damages ensue, the seller may be held liable therefor. p. 616.

7. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—The question of the sufficiency of the evidence to sustain the verdict cannot be considered further, if there is some evidence tending to support every material fact upon which it must rest. p. 616.

8. FRAUD.—*Actions.*—*False Representations of Value.*—*Evidence.*—*Sufficiency.*—In an action for fraud in the sale and exchange of certain corporate stocks, evidence showing that defendant falsely represented that certain shares of stocks which he offered in trade were preferred stock bearing seven per cent. interest semiannually and was "worth dollar for dollar" and would be redeemed by the company at any time, that the company was very prosperous and its product in widespread and general use, and that plaintiff, having no knowledge as to the value of the stock, relied on such false representation, is sufficient to support a verdict for plaintiff. p. 617.

9. FRAUD.—*Actions.*—*Instructions.*—*Representations.*—In an action for fraud in the sale and exchange of corporate stock, where plaintiff had no knowledge of the value of the stock offered in exchange by defendant, and the latter made representations as to its value as a matter of fact, an instruction that every contracting party has a right to rely upon the representations of the other party, as a basis of the contract, as to the value and condition of the property, provided that such other person does not know through other sources the true value of the property and the representations are not obviously false, was not, in view of the issues and evidence, misleading or harmful. p. 618.

10. TRIAL.—*Instruction.*—*Necessity of Requesting.*—If a party desires a more complete instruction on a subject, he must tender one covering the point, or he cannot complain on appeal. p. 618.

11. APPEAL. — *Review.*—*Instructions.*—*Invited Error.*—Defendant cannot complain of alleged error in an instruction where it was based on the same theory as his own counterclaim and his own instructions, since the error, if any, was invited. p. 618.

12. FRAUD.—*Actions.*—*Punitive Damages.*—*Fraudulent Representations.*—In an action for fraud in the sale and exchange of corporate stock, an instruction authorizing the jury to assess punitive damages was proper, where it appeared that defendant's misrepresentations were wantonly and maliciously made and that the alleged fraud was intentionally committed. p. 618.

13. EVIDENCE.—*Value of Corporate Stock.*—*Tax Assessment of Corporation.*—In an action for fraud predicated on misrepresentation of the value of corporate stock disposed of to plaintiff, the record of the county board of review relating to its action in assessing the corporation whose stock was disposed of is admissible. p. 619.

From Marion Superior Court (96,878). *Theophilus J. Moll*, Judge.

Action by Christian Ries against William Kluge. From a judgment for plaintiff, the defendant appeals. *Affirmed*.

*Charles E. Henderson* and *Clinton B. Marshall*, for appellant.
*Russell Newgent* and *William T. Quillin*, for appellee.

FELT, J.—This is a suit by appellee, Ries, against appellant, Kluge, for damages for fraud in the sale and exchange of certain corporation stocks. The case was tried on an amended complaint and a counterclaim by Kluge against Ries, on both of which issues were joined by general denials. A trial by jury resulted in a verdict for appellee for $500. Appellant's motion for a new trial was overruled, judgment was rendered on the verdict, and this appeal taken. The error assigned and relied on for reversal is the overruling of appellant's motion for a new trial. A new trial was asked on the ground that the verdict is not sustained by sufficient evidence; that it is contrary to law; that the court erred in giving to the jury instructions Nos. 4, 7 and 26, and in the admission of certain evidence.

The gist of the amended complaint is that appellee was the owner of 100 shares of the capital stock of the Sterling Fire Insurance Company and appellant owned twenty shares of preferred stock in the Coin Controlling Lock Company of Indiana, of the face value of $50 per share, which he proposed to exchange for appellee's 100 shares of stock and give him $1,000 as the difference in the value of such stocks; that appellant falsely and fraudulently represented that

said stocks of the Coin Controlling Lock Company were of the value of $50 per share, which statements were false, in this, that said stocks were worthless and had no value whatever, and were known by appellant to be false when made, and were made with reckless disregard of the truth with the intent to defraud appellee; that appellee relied thereon and was thereby deceived and induced to enter into the aforesaid agreement to his damage; that he was inexperienced in handling stocks and had no available means of ascertaining the value of said stocks; that the misrepresentations of said stocks by appellant were wanton, wrongful and malicious, for which he should be compelled to pay punitive damages. Prayer for $1,200.

Appellant in his counterclaim states the ownership of the stock as alleged in the complaint; that both the face value and actual value of the stock in the Sterling Fire Insurance Company was $10 per share; appellee represented it to be worth $20 per share; that appellant relied thereon and was thereby induced to make the exchange and pay $1,000 in cash, by reason of which he was damaged in the sum of $1,000, for which judgment is demanded. The sufficiency of the pleadings is not questioned.

Appellant states that the questions as to the sufficiency of the evidence to sustain the verdict, as to the verdict being contrary to law, and the alleged error in the giving of instruction No. 4 requested by appellee, the same being identical with instruction No. 7 given by the court, all turn upon the proposition that the alleged false representations, as a matter of law, were only opinions as to the value of the stocks, and not misrepresentations of facts which can be made the basis for the recovery of damages.

Instruction No. 4 tendered by plaintiff is identical with instruction No. 7 given by the court, is noted by

the court as given and reads as follows: "Every contracting party has a right to rely upon the representations of the other party to the contract as a basis of the contract, as to the value and condition of the property, provided that such person does not know through other sources what the true value of the property is. If there is nothing open and obvious to indicate the falsity of such representations, then the purchaser may rely upon the statements or representations as to the value or condition without inspecting or investigating to ascertain the truth or falsity of such representations."

The substance of the evidence relating to the representations of appellant is as follows: That appellee had some acquaintance with appellant for about five years; that appellant learned through one Mullins that Ries wanted to sell some stock in the Sterling Fire Insurance Company; that Mullins assisted appellant in the sale of stocks and received a commission for his work; that appellant called on appellee and offered to buy his stock provided he would take in part payment stock in the Coin Controlling Lock Company; that appellee knew nothing about the stocks offered him, and so informed appellant, who stated that it was preferred stock and "would bear 7 per cent. interest semi-annually, and was worth dollar for dollar"; that the twenty shares offered were worth $1,000, and any time he wanted his money back he could go to the company and get it; that he told appellee the stock was good and he "could take his work for it"; that appellee relied solely on appellant's statements and made no investigation, and acted on such statements in making the deal; that appellant showed appellee a paper indicating that the stock was good because the locks were bringing in much money; that they were scattered all over the country on the

chests of railroad stations and hotels, and the revenue they brought to the company was very great and that "there couldn't be any failure on this certificate." There is also evidence tending to prove that Kluge helped organize the company and sold it out in 1911, retaining $31,000 of stock, and that during the negotiations he informed appellee he did not then have anything to do with the management of the company; that the negotiations extended over several days and appellant repeated his affirmations as to the value of the stock offered to appellee by him.

The parties do not differ greatly as to the law applicable to the cl s of cases to which the one at bar belongs, but they are widely apart as to the law applicable to the peculiar facts of this case. Much has already been written on the subject and extended discussion would of necessity involve unnecessary repetition.

The law is well settled as to the following propositions: (1) Mere representations as to value standing alone are ordinarily regarded as opinions—

1. trade talk—and not as affirmations of existing facts to be relied on as the basis of a contract. (2) A contracting party may rely on the

2. express statement of an existing fact or facts, where he does not know such statements to be untrue, and where they are not obviously false. Such fact or facts may or may not be known to the party making the statement, but if he assumes to know them and asserts them as the basis for an agreement between himself and the other contracting party, he will be bound thereby. (3) Representations of value may under certain circumstances amount to

3. affirmation of facts and afford the basis of an action for damages for fraud and deceit. (4) Whether such representations as to value are merely

the expressions of opinions or affirmations of facts to be relied upon by a contracting party is a question of fact to be determined by the jury from all the evidence in the case, and cannot be determined as a matter of law, unless the evidence authorizes but a single inference. (5) Where the party making the representation assumes to have special knowledge of the value of the property and the vendee is ignorant of its value, and such fact is known to the vendor who also knows the vendee relies upon his judgment and good faith, the representations of value so made may be the basis of an action for damages for fraud in such transaction. (6) Where representations of value are fraudulently made and the vendee is in ignorance of the truth of the assertions so made, and is induced to forbear inquiries which he otherwise would have made, and damages ensue, the guilty party may be held liable therefor. *Judy* v. *Jester* (1912), 53 Ind. App. 74, 86, 100 N. E. 15; *Beck* v. *Goar* (1913), 180 Ind. 81, 84, 100 N. E. 1; *Culley* v. *Jones* (1904), 164 Ind. 168, 171, 73 N. E. 94; *Manley* v. *Felty* (1896), 146 Ind. 194, 198, 45 N. E. 74; *Wheatcraft* v. *Myers* (1914), 57 Ind. App. 371, 377, 107 N. E. 81; *Ohlwine* v. *Pfaffman* (1912), 52 Ind. App. 357, 364, 100 N. E. 777; *Boltz* v. *O'Conner* (1909), 45 Ind. App. 178, 181, 90 N. E. 496; *Kramer* v. *Williamson* (1893), 135 Ind. 655, 660, 35 N. E. 388.

In the case at bar the jury has drawn the necessary inferences to support the verdict. The question of the sufficiency of the evidence cannot be considered further if we find there is some evidence tending to support each material fact upon which such verdict must rest.

Appellant contends that the evidence is insufficient to sustain the verdict because it shows only opinions

8. as to the value of the stock, and fails to show misrepresentation of material facts essential to sustain the verdict. This view cannot be sustained. Appellant's statements and representations amount to more than mere trade talk or opinions as to value.

The evidence tends to show that he made or adopted and used as his own statements purporting to show the extent of the trade and the sources and amount of the company's income in connection with his representations of value; that such statements were untrue, and were fraudulently made to induce appellee to enter into the agreement for exchange of stocks. Under the circumstances the jury was warranted in treating these statements as affirmations of existing facts on which appellee relied, and was justified in relying as the basis for the contract into which he was induced to enter. They were likewise sufficient to warrant the inference drawn by the jury that appellee was thereby induced to accept them as such facts without further investigation, and that he did so accept them to his damage as found and stated in the verdict.

While the statement that he could take his stock to the company any time and receive the face value of it in money, standing alone, would be insufficient to warrant a recovery of damages because it is in the nature of a promise relating to a possible future transaction, yet we nevertheless deem it of some probative value in connection with the other evidence, as tending to show that appellant's statements of values were fraudulently made, and were calculated to induce appellee to accept them as such and to act thereon without further investigation. We therefore conclude that the verdict of the jury is sustained by sufficient evidence.

Without giving general and unqualified approval to instruction No. 4 as written, we hold that the court did not commit reversible error by giving it to the jury. An instruction should be considered in the light of the issues and the evidence in the case, and, when so considered in connection with the evidence as above indicated, instruction No. 4 was not misleading to the jury nor harmful to appellant. It might have been made more definite on the proposition that statements of value to form the basis of an action for damages for fraud must have been intentionally made as affirmations of facts to be relied upon by the other party to the transaction. The instruction does refer to representations made "as a basis of the contract," which in a general way covers the same proposition.

If appellant desired a more complete instruction on the subject, he should have tendered an instruction covering the point, which was not done. Furthermore, the error, if any, in regard to the opinions as to value not amounting to affirmations of facts, was invited by appellant, for in his counterclaim, and in instruction No. 2 tendered by him and given by the court, he adopted the theory that representations as to value may be and in this case were so made as to form the basis of an action for damages. *Studabaker* v. *Faylor* (1908), 170 Ind. 498, 506, 83 N. E. 747, 127 Am. Rep. 397.

Appellant also complains of instruction No. 26, given by the court on the measure of damages, because it authorized the jury, in case it found for appellee, to assess both compensatory and punitive damages. The instruction is assailed on the ground that the facts charged constitute a crime, and also on the ground that there is no evidence that

warrants the assessment of punitive or exemplary damages, or the giving of such instruction. As presented by the briefs, the facts do not show that appellant was subject to a criminal prosecution based on the facts alleged or proved in the case. Under the evidence the jury may or may not have included an element of exemplary damages in the verdict, but, conceding that it did as the instruction authorized, we cannot say that there is a total failure of evidence to sustain such element of the verdict.

The recovery is based on fraud. The complaint charges that the misrepresentations were wantonly and maliciously made. There is evidence tending to prove that the alleged fraud was intentionally committed, with full knowledge of all the facts, coupled with a successful effort to induce appellee to rely on appellant's representations without further investigation. The jury having drawn the inference of fraud wilfully and maliciously committed, we cannot say that there is a total failure of evidence to support the findings. 13 Cyc 105; *Wheatcraft* v. *Myers, supra; Wabash Printing, etc., Co.* v. *Crumrine* (1890), 123 Ind. 89, 93, 21 N. E. 904; *Tracy* v. *Hacket* (1897), 19 Ind. App. 133, 135, 49 N. E. 185, 65 Am. St. 398.

Appellant also contends that the court erred in admitting in evidence the record of the board of review of Marion county, Indiana, relating to the action of the board in assessing the Coin Controlling Lock Company. The question has been duly considered by this court under existing statutes, and decided adversely to appellant's contention. *Ohlwine* v. *Pfaffman, supra,* 365.

The case seems to have been fairly tried on its merits. Appellant was deprived of no substantial right, and has failed to point out any error that would warrant a reversal. §§407, 700, Burns 1914, §§400,

658 R. S. 1881; *First Nat. Bank* v. *Ransford* (1913), 55 Ind. App. 663, 668, 104 N. E. 604.

The court having been informed that the appellant has died since the date of submission in this court, the judgment is affirmed as of the date of submission.

NOTE.—Reported in 117 N. E. 262. Fraud: as a question of law or fact, 1 Ann. Cas. 446; necessity for reliance on false representations in order to maintain action for deceit, Ann. Cas. 1915B 779. See under (1-3, 5) 20 Cyc 53, 56; (4) 20 Cyc 124; (6) 20 Cyc 39; (8, 9) 20 Cyc 120, 129; (12) 20 Cyc 142.