## QUINLAN v. GEORGE B. LIMBERT AND COMPANY.

[No. 10,709.   Filed April 27, 1921.]

1. NEW TRIAL. — Grounds. — Interrogatories. — Answers. — The causes for a new trial specified in §585 Burns 1914, §559 R. S. 1881, are exclusive, so that specifications in a motion for a new trial that the answers of the jury to special interrogatories is not sustained by sufficient evidence, or that such answers show that the jury was actuated by bias, prejudice, or improper motives, which are not among the causes specified in that section, cannot be considered. p. 430.

2. MASTER AND SERVANT.—Injuries to Servant.—Dangerous Machinery.—Guarding.—Jury Questions.—Where, in a servant's action against the master for personal injuries, the negligence charged was the failure to guard a machine that the statute did not require to be guarded, it was a material fact to be decided by the jury whether the machine could be so guarded to protect the workman without materially impairing its usefulness. p. 431.

From Lake Superior Court; Virgil S. Reiter, Judge.

Action by Jeremiah Quinlan, by his next friend, John Quinlan, against George B. Limbert and Company. From a judgment for defendant, the plaintiff appeals. Affirmed.

McMahon & Conroy, for appellant.

A. P. Twyman and R. M. Royce, for appellee.

ENLOE, J.—This was an action by appellant to recover damages for a personal injury sustained by the appellant, while in the employment of appellee as a laborer in its manufacturing plant, in the city of East Chicago, Indiana.

The cause was submitted to a jury for trial upon a complaint in two paragraphs, to each of which the appellee filed answer in general denial.   During the progress of the trial appellant withdrew and dismissed his first paragraph of complaint, leaving the issues to be tried, those made by said second paragraph of complaint, and said answer thereto, upon which issues the

jury returned a verdict for appellee. It also answered a number of interrogatories submitted to it by the court. The appellant's motion for a new trial having been overruled, he prosecutes this appeal, and has assigned numerous errors, each and all of which, except the first, which challenges the correctness of the action of the court in overruling his motion for a new trial, are invalid.

The motion for a new trial states as reasons therefor: (1) That the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law; (3) that the answer of the jury to interrogatory No. 1 is not sustained by sufficient evidence. The fifth and seventh specifications in said motion were similar to the third as above specified, but related to answers to other interrogatories. The fourth specification in said motion was: "The answer of the jury to interrogatory No. 1 shows that the jury were actuated by bias, prejudice, and improper motives." The sixth and eighth specifications in said motion were similar to the fourth except that they relate to answers to other interrogatories.

Our statute (§585 Burns 1914, §559 R. S. 1881) specifies the grounds upon which a new trial may be granted.

1. The causes therein stated are exclusive. Under that section only the first and second of the reasons above set forth are recognized, and the others cannot be considered. *Over* v. *Dehne* (1905), 38 Ind. App. 427, 75 N. E. 664, 76 N. E. 883; *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429.

The negligence charged in the complaint was the failure to guard a certain machine called a "swiper," at which the appellant was working, and which was alleged to have been a dangerous machine.

The jury, in answer to an interrogatory submitted to them, found that said machine was not a dangerous

2. machine; and they further found that the said machine could not have been "guarded," without materially impairing the use thereof. The machine in question was not one which was specifically required to be guarded by the statute in question. The failure, therefore, to guard the same was not negligence *per se.* It therefore became a material fact to be decided by the jury as to whether the machine in question could be so guarded as to protect the workman, without at the same time materially impairing its usefulness. If it could not, there was no duty resting upon the appellee to guard the same. *U. S. Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 75 N. E. 277.

The verdict of the jury was a finding against the appellant, as to the material allegations of his complaint. It was their exclusive province to find the facts. Their finding, upon the record before us, we cannot disturb as not being supported by the evidence. No other question is presented, and the judgment is therefore affirmed.