## DUGUID ET AL. v. COLDSNOW ET AL.

[No. 11,019.    Filed November 2, 1921.]

1. BROKERS.—*Real Estate Brokers.—Exchange of Property.—Broker Acting for Both Parties.—Fraud.—Liability.*—Where a real estate broker, employed by plaintiffs to sell or exchange their farm, was, unknown to them, also defendants' agent to make an exchange of their building for plaintiffs' farm, plaintiffs were not bound by his false statements as to the value of the building, but defendants were liable therefor, regardless of whether they authorized or knew of such misrepresentations. pp. 547, 548.

2. BROKERS.—*Real Estate Brokers.—Obligation to Principals.*—Where a broker undertakes to make an advantageous exchange of property, it is his duty to act in the utmost good faith and give his principals all his information which might in any way influence them in the transaction. p. 547.

3. APPEAL.—*Review.—Evidence.—Weight and Sufficiency.*—The court on appeal will not weigh the evidence, and if there is any evidence of a disputed fact, though it be circumstantial, it must prevail. p. 548.

4. FRAUD.—*Damages.—Evidence.—Sufficiency.*—In an action for fraud in the exchange of realty, evidence *held* sufficient to support the verdict for plaintiffs, both as to fraud perpetrated and as to the amount of damages resulting therefrom. p. 548.

5. APPEAL.—*Review.—Instructions.—Affirmance.—Right Result.*—Error, if any, in giving and refusing instructions is not ground for reversal, where the verdict is clearly right on the evidence. p. 550.

6. APPEAL.—*Review.—Affirmance.—Trial on Merits.—Statutes.*—Under §700 Burns 1914, §658 R. S. 1881, the judgment will not be disturbed on appeal, because of technical errors where the merits of the cause have been fairly tried and determined. p. 550.

From Dekalb Circuit Court; *Dan M. Link*, Judge.

Action by Orin Coldsnow and another against Elton

C. Duguid and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Alphonso C. Wood* and *Hoffman & Stump,* for appellants.

*Bratton & Gleason,* for appellees.

NICHOLS, P. J.—The substantial averments of the complaint in this action, so far as here involved, are that on February 1, 1919, and for a long time prior thereto, appellees were the owners, by entireties, of a 100-acre farm situated in Lenawee county, Michigan, upon which there was a mortgage of $1,200. Upon the same date appellants Duguid and McCleery were the owners of a certain brick building, situated in the town of Ashley, Dekalb county, Indiana, upon which there was a $3,600 mortgage, the record title to said building being in said McCleery. Said Duguid and McCleery conspired with appellant Gundrum, a real estate agent, for the purpose of cheating and defrauding appellees out of their 100-acre farm, and for the purpose of gaining the confidence of appellees, and in furtherance of said conspiracy said Gundrum held out to them the splendid opportunities offered for making money if they would but trust and allow him to handle their farm for them, whereupon a contract was entered into on December 27, 1918, between appellees and said Gundrum whereby he was to make some disposition of the farm. Sometime in January, 1919, said Gundrum approached appellees with a proposition that he had found the building owned by said Duguid located in Ashley, Indiana, that he could exchange for their farm, and by fraudulent representations as to the value of such building, and as to business conditions in said town of Ashley, induced appellees to exchange their farm for the Ashley building, receiving a deed for the building from McCleery and making a deed to McCleery for their farm on February 1, 1919.

It is upon the fraudulent representation made by appellant Gundrum, while acting as the agent of his coappellants, Duguid and McCleery, that appellees base their action for damages.

There was a trial by jury, and a verdict in favor of appellees for $2,750, upon which judgment was rendered, after appellants' motion for a new trial was overruled. This ruling of the court is the only error discussed. The reasons for the motion are hereinafter considered.

In presenting the question of the insufficiency of the evidence, and the error of the court in overruling appellants' respective motions to direct the verdict, appellants say that because of the written contract of agency between appellees and appellant Gundrum, whatever was done by Gundrum in getting appellees to exchange their farm for Duguid's property bind them, and if Gundrum deceived or misled them, or failed to carry out his promise to exchange the property for another farm, it is a wrong for which Gundrum must answer, and if Duguid profited by the trade he cannot be held for damage, unless he participated in the misconduct of Gundrum. This contention may be conceded, but it must be kept in mind that it was Gundrum's duty as such agent to act in the utmost good faith and to give appellees all the information which he possessed which might in any way influence them in the deal. *Firebaugh* v. *Trough* (1914), 57 Ind. App. 421, 107 N. E. 301; *Vandalia Coal Co.* v. *Alsopp* (1915), 61 Ind. App. 649, 109 N. E. 421; *Smith* v. *Fiscus* (1916), 62 Ind. App. 156, 111 N. E. 203. This he did not do. The evidence shows that he misrepresented the value of the property to appellees, and that he misrepresented. as to the commercial conditions of the town of Ashley, telling appellees falsely, among other things, that the railroad

shops of the Wabash railroad were located there, which representations appellees believed, relying on Gundrum's statements. At this time, Gundrum was acting as Duguid's agent unknown to appellees, and he received $300 for his services from Duguid. There is controversy as to this fact, as well as to many other facts in evidence, but it is not the province of this court to weigh the evidence. If there is any evidence as to a disputed fact, though it be circumstantial, such evidence must prevail. *Tucker v. Hyatt* (1898), 151 Ind. 332, 51 N. E. 469, 44 L. R. A. 129; *Firebaugh v. Trough, supra.* Under such conditions, appellees were not bound by Gundrum's statements. *Mignault v. Goldman* (1919), 234 Mass. 205, 125 N. E. 189; *Kluge v. Ries* (1917), 66 Ind. App. 610, 117 N. E. 262. But as Gundrum was agent for Duguid and McCleery, in consummating the deal, they were responsible for his false statements, whether they authorized them, or knew of them or not. *Romine v. Thayer* (1921), 74 Ind. App. 536, 128 N. E. 456; *Mignault v. Goldman, supra; Quinlan v. Limbert & Co.* (1921), 75 Ind. App. 429, 130 N. E. 821.

Appellants contend that there was no evidence of fraud for the reason that appellees made their own investigation, but we are impressed that the investigation in this case was directed much as the investigation in *Romine v. Thayer, supra,* and that appellees relied upon Gundrum's statements rather than upon their meager investigation.

Appellants say that there was no fraud because there was no substantial evidence that the farm was worth more than the Ashley property. In the absence of objection to appellees' witnesses and to the form of the questions propounded to them, we give it consideration, along with other evidence which was undisputed, and from which, independent of ap-

pellees' witnesses, the jury might well have drawn proper inferences of the respective values of the two properties. Duguid traded for the farm, February 1, 1919, taking title in the name of McCleery. On April 20, 1919, he represented to George W. Burgard and his wife, that the farm was well worth $6,000, and he sold it to them at that time for that price, making them a deed therefor by McCleery. Deducting the mortgage, the net sale price was $4,800. The $3,600 mortgage on the Ashley property grew out of a trade of a farm for the property, together with a stock of goods therein, the owner at the time of the trade taking a mortgage back. This mortgage was foreclosed, and at the time of the judgment in foreclosure amounted to between $4,200 and $4,300. The mortgagee testifies that he was willing to take a mortgage for $4,000 "in that sort of a trade." The fact that personal judgment was asked for and recovered against Duguid and McCleery, and that at the foreclosure sale the property sold for only $2,400, justifies an inference that the property was not worth the amount of the mortgage thereon. There is ample evidence to support the verdict, both as to the fraud perpetrated, and as to the amount of the damages suffered thereby. The numerous decisions of the courts condemning property transactions with the unwary, should be a warning to those who are schooled in the art of trading, that they must deal with frankness and integrity, and this is especially mandatory when the deal is with those whose training has not been along commercial lines. Appellants insist that there is no evidence that McCleery was in any way a party to any fraud, he being but a nominal trustee, and that the judgment must be reversed as to him, and hence as to all appellants. We are not impressed with this argument. McCleery permitted himself to be used as the channel through whom the fraud was consummated,

and his connection with the deal was such as to justify the jury in finding, as it did by its general verdict, that he was a party to the wrong perpetrated, and the jury's inference will not be disturbed. *Smith* v. *Fiscus*, *supra.*

Appellants present error in giving certain instructions, and error in refusing to give certain tendered instructions, but in view of what we have said, 5, 6. and of the authorities cited, we do not need to discuss the alleged errors. Even if there is error in giving and in refusing instructions, it has been many times decided that a judgment will not be reversed, if the verdict is clearly right on the evidence. *Lafayette, etc., R. Co.* v. *Adams* (1866), 26 Ind. 76; *Wolfe* v. *Pugh, Admx.* (1885), 101 Ind. 293. The merits of the cause have been fairly tried and determined, and under §700 Burns 1914, §658 R. S. 1881, the judgment must stand. The judgment is affirmed.