## EISLER ET UX. *v.* TUMO ET UX.

[No. 14,176.   Filed July 3, 1931.   Rehearing denied December 15, 1931.]

*William H. Matthew* and *McMahan & Smith,* for appellants.

*Mor N. Oppman, Ray C. Hedman* and *George E. Hershman,* for appellees.

NEAL, C. J.—Appellees, plaintiffs below, instituted this action to recover damages of appellants.   The complaint proceeded upon the theory of fraud.   It alleged in part that appellants made false and fraudulent representations to appellees in reference to the nature, quality and character of the soil of a large tract of land in the State of Michigan, and of the nature, quality and quantity of crops which the soil would produce; that appellees were husband and wife, natives of Austria-

Hungary, unable to read, write or speak the English language, unacquainted with the methods of doing business in this country, relied upon the representations so made by appellants, believed the same to be true, and were thereby induced to convey to appellants certain valuable real estate in the city of Gary, Indiana, and perform certain work and labor for appellants in the building of several houses on the Gary real estate owned by appellees, and the building of a large cattle barn and other buildings on the land in the State of Michigan; that they were to receive therefor a two-sevenths interest in a co-operative farming project organized by appellant Sigismund L. Eisler, and the place of its operation to be on the "Michigan Ranch"; that the purported interest in the co-operative farming project was worthless; that the several statements and representations made by appellants were false and fraudulent, whereby appellees were damaged in the sum of $10,000.

Appellants answered by general denial. Trial before a jury, which returned a verdict in the sum of $7,000. The joint and several motions for a new trial were overruled by the court, but, prior thereto, appellees filed a remittitur of $2,300. The error relied upon for reversal is the overruling of the motion for a new trial. The only causes under the motion presented are: (1) That the verdict of the jury is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the damages are excessive.

The salient facts necessary to be mentioned are as follows: appellant Sigismund L. Eisler approached these appellees, who were husband and wife, natives of Austria-Hungary, residents of Gary, and informed them that he had purchased a "big farm over there in Michigan"; that the "big farm" consisted of over 1,200 acres; that it would be divided into seven parts or shares and that each share carried a purchase price of $2,000; that

the land was the "best land in Michigan"; that it would produce per acre, 150 bushels of potatoes, 50 bushels of wheat, 50 bushels of rye, three tons of timothy and six tons of white clover; that appellees informed appellant that they could not purchase until they sold the real estate then owned by them, consisting of three lots in Gary, with a residence and out-building on one of them; that, a short time subsequent to the above-mentioned conversation, appellant Eisler told appellee he would take their real estate at a value of $3,500 and give them two shares in the co-operative farming project; and, in addition thereto, if appellee Paul Tumo, who was a carpenter by trade, would erect additional buildings on the two vacant lots, he would furnish the material, and, when the real estate was sold, pay appellees all money received above $3,500; that appellee agreed to convey the property, and did so convey the same, to appellant Rose L. Eisler, and appellees were to receive one-half of all money realized on the sale of the real estate above $3,500, instead of the entire sum above $3,500; that appellee Paul Tumo did perform labor for appellants, and received no compensation, although he worked from February 17, 1921, to April 10, 1921, in the building of the several residences on the Gary lots; that appellees proceeded to the tract of land in Michigan in April, 1921; they found the land "wild, stumps all over, never sown or cultivated"; that the soil was all sand, no black or clay soil to be found; that appellees, under the direction of appellant Sigismund L. Eisler, attempted to farm the land, but it was impossible to grow crops thereon, on account of the character of the soil; that appellee Paul Tumo performed carpenter work for appellant Eisler, erecting a large barn and small buildings on the "Michigan ranch"; that appellee Therese Tumo, at the request of Eisler, prepared the meals for the farm hands, at times, 15 in number; that neither of appel-

lees received any money for the work and labor performed on the Michigan land; that the only compensation received was the food furnished by appellant Eisler, and shelter in a house that was termed a "shack"; that appellees called appellant S. L. Eisler's attention to the character of the soil and the lack of fertility thereof; that Eisler informed them that he would purchase fertilizer, and that the next year (1922), the soil would produce the crops as represented; that shortly before June 13, 1923, appellant S. L. Eisler informed appellee Paul Tumo that the appellees would have to leave; that Paul protested, stating he could not leave unless given back his property in Gary, whereupon Eisler and the purchaser of the ranch caused the Sheriff to remove appellees; that appellees received nothing for the real estate owned by them in Gary and which was conveyed to appellant Rose Eisler, who, after the conveyance, her husband joining therein, conveyed the real estate to third parties; that the services of appellees in the improvement of the real estate in Gary and of Michigan were of the value of $2,800, and the real estate conveyed by them to appellant Rose Eisler, was of the value of $3,500; that, at the time appellees left Gary and went to the "Michigan ranch," they signed a written instrument, which was of considerable length, which recited that the Stanley ranch in Michigan consisted of 1,180 acres; that the ranch was to be improved so as to be fit for dairying, general farming, etc.; that appellees received no right, title, interest, claim or lien upon the real estate until the end of the 10th year; that all parties were liable for their share of the expenditures for material, equipment, stock supplies, and machinery furnished; that appellant Eisler was to make an accounting quarterly; no profits to be declared until all indebtedness incurred was fully paid; everything to be under the supervision of Eisler.

There is ample evidence that these appellees, natives of Austria-Hungary, with very limited education, and unacquainted with the methods of doing business in this country, were induced by false and fraudulent representations to convey to appellant Rose Eisler their home and adjacent lots in the city of Gary, and to perform certain services for appellants by virtue of the fraud practiced upon them.

The verdict of the jury was for $7,000, which, at the request of the court, prior to the ruling on the motion for a new trial, was reduced to $4,700. The amount fixed by the jury was not so large that it cannot be explained on any reasonable hypothesis other than from prejudice, passion, partiality, corruption or that some improper element was taken into account. *Chicago, etc., R. Co.* v. *Stierwalt* (1926), 87 Ind. App. 478, 153 N. E. 807.

Appellants contend that, because appellees continued to live on the Michigan land for one year, "any misrepresentations made prior to the execution of" the contract were condoned by appellees and they are thereby estopped to complain and cannot recover damages. The argument is not tenable. The evidence is to the effect that appellees remained on the Michigan land by reason of the repeated statements of appellant S. L. Eisler that the land would produce the next year crops of the quality and quantity as represented.

Again, appellants say that the evidence discloses that the cause of action accrued in May, 1921, and the action was not commenced until September 2, 1929; therefore, it was barred by the statute of limitations. The appellant did not file a special answer pleading the statute of limitations in bar of the action. This is necessary unless it affirmatively appears from the complaint that the cause does not come within any of the exceptions provided by the statute. The ap-

pellant does not point out wherein the complaint comes within the rule above stated. *Charters* v. *Citizens Nat. Bank* (1925), 84 Ind. App. 15, 145 N. E. 517.

Appellants also contend that the appellant Rose Eisler should prevail in this appeal because there is no evidence that she made any false or fraudulent representations. There is evidence that Rose Eisler received the conveyance of appellees' real estate in Gary, and thereafter placed the title to the property, her husband joining therein, in third parties. Her connection with the transaction was of such a character that the jury was warranted in finding that she was a party to the wrong perpetrated upon appellees. *Smith* v. *Fiscus* (1916), 62 Ind. App. 156, 111 N. E. 203; *Duguid* v. *Coldsnow* (1921), 76 Ind. App. 545, 132 N. E. 659.

The cause was fairly tried and a right result was reached upon the trial of the cause upon the merits. This judgment is affirmed.