**LEI SHI, Appellant,**

**v.**

**CECILIA YI, Nova Property Investment LLC, and Your Title Company, Inc. d/b/a Enterprise Title, Appellees.**

**No. 49A02–0906–CV–585.**

Court of Appeals of Indiana.

Feb. 8, 2010.

[redacted]

Julia M. Andrews, Bleecker Brodey & Andrews, Indianapolis, IN, Attorney for Appellant.

Stephen E. Arthur, Tammy L. Ortman, William J. Hancock, Harrison & Moberly, LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BROWN, Judge.

Lei Shi appeals the trial court's grant of a motion to dismiss and a motion for summary judgment filed by Your Title Company, LLC d/b/a Enterprise Title ("Enterprise"). Shi raises three issues, which we revise and restate as whether the trial court erred in granting Enterprise's motions to dismiss and for summary judgment as the cause of action relates to Enterprise.[1] We affirm.[2]

The relevant facts follow. Shi filed a lawsuit against Cecilia Yi and others in the Hamilton County Superior Court.[3] On August 11, 2006, while litigation in the lawsuit was pending, Yi formed Nova Property Investment LLC ("Nova"). On August 30, 2006, Yi purchased real estate in Marion County, Indiana commonly known as 1807 East 69th Street, Indianapolis, Indiana (the "Property").

On November 27, 2006, Yi executed a quitclaim deed transferring the Property to Nova. The quitclaim deed was prepared by Enterprise after Yi faxed a letter to Enterprise stating that "I, Cecilia Yi, for the consideration of Zero dollars, release and quitclaim to Nova Property Investment LLC, the [Property]." Appellant's Appendix at 186.

On November 30, 2006, a trial was held in the Hamilton County Superior Court between Shi and Yi (as well as other defendants). On December 6, 2006, the

---

1. Both parties also make argument about whether Shi possessed a valid judgment lien on the Property. Because we find that Enterprise, the lone appellee involved in the instant case, was not a proper party to the action, we need not determine whether Shi has a valid judgment lien on the Property.

2. We remind Shi that Ind. Appellate Rule 46(A)(8)(b) requires an appellant to include a "concise statement of the applicable standard of review," which Shi failed to do.

3. The substance of the underlying lawsuit is not relevant to the issues before us.

Hamilton County trial court awarded judgment in Shi's favor in the amount of $221,033.02. Shi recorded this judgment on December 18, 2006 with the Marion County Recorder.

Enterprise conducted two title searches and prepared a title commitment for Nova to sell the Property. The effective date of the title commitment was February 21, 2007, and it was revised on March 22, 2007. Schedule B, section II, paragraph eleven of the revised commitment stated:

> 11. Judgment for $221,033.02 plus costs and interest in favor of LEI SHI VS BOR CHEUNG AND CECILIA YI, MIDWEST IMPORTS, INC., filed December 6, 2006 in the Hamilton Superior Court 3, Cause No. 29D01–0511–CC–965 and recorded December 18, 2006, as Instrument No. 2006–0192599 in the Office of the Recorder of Marion County, Indiana. (NOTE: Prior owner "Cecilia Yi")

*Id.* at 170. On March 27, 2007, Enterprise recorded the quitclaim deed executed by Yi.

On April 19, 2007, Enterprise served as the title insurance agent and escrow company assisting with the closing on the sale of the Property from Nova to Julie Lucas, a third party purchaser. Also, Yi and Enterprise entered into a confidential Escrow Agreement pursuant to which Yi agreed that $25,000 of the proceeds from the sale of the Property would be held in escrow by Enterprise until one of the following occurred:

> a. [Enterprise] receives a notice from [Yi's] counsel that the appeal of judgment was successful and an appeal of that ruling is no longer possible and that the above described judgment has been set aside; or
>
> b. [Yi] reaches a settlement agreement and there is a release of judgment or alternatively that a release of

> judgment will be tendered upon payment out of escrow some or all of the funds held in escrow; or
>
> c. The judgment is not set aside and collection actions are initiated against the [Property] in which case [Enterprise] may defend on the nuisance claim and collect defense costs from escrowed funds.

*Id.* at 165.

On July 31, 2007, Shi filed a complaint in the Marion County Superior Court against Yi, Nova, Enterprise, and Julie Lucas, from which this appeal arises. The complaint contained two counts alleging: (1) that the transfers of the Property from Yi to Nova and from Nova to Julie Lucas were fraudulent conveyances; and (2) fraud on creditors stemming from the conveyance of the Property. On March 12, 2008, Julie Lucas was dismissed from the suit without prejudice.

On May 28, 2008, Enterprise filed a motion to dismiss Shi's complaint on both counts as it pertained to Enterprise. On Count I for fraudulent conveyance, Enterprise argued that "[Shi] cannot pursue a claim for fraudulent conveyance against Enterprise because he has not alleged with specificity [pursuant to Trial Rule 9(B)], and cannot prove, that Enterprise ever paid or received funds from a grantor or grantee of the [Property]." *Id.* at 100. Enterprise argued "[e]ven if all facts as alleged in [Shi's] Complaint are taken as true … where it does not allege that Enterprise provided any of the consideration for the acquisition of, or ever held an interest in, the [Property], [Shi's] claim for fraudulent conveyance fails and should be dismissed." *Id.* On Count II for fraud on creditors, Enterprise argued that "[i]n a fraud on creditors claim, an allegation that the defendant used its own funds or furnished any portion of the consideration in

acquiring the [Property] is an essential allegation in the complaint," and that Shi failed to plead as such. *Id.*

On June 7, 2008, Shi filed a motion and accompanying brief in opposition to Enterprise's motion to dismiss. Shi argued that "Indiana is a notice pleading state.... If Enterprise believes Shi has not specifically stated its cause of action against it, the proper remedy would be to allow Shi to amend his Complaint[,] not dismiss his Complaint against Enterprise." *Id.* at 105. On July 21, 2008, the trial court granted Enterprise's motion to dismiss on Count II only.

On October 31, 2008, Enterprise filed a motion for summary judgment and accompanying brief on Count I of Shi's complaint as it related to Enterprise. In its brief, Enterprise argued that "Enterprise, as a closing agent, was never a grantor or grantee of the [Property], nor did it pay or accept payment or other consideration for the purchase or sale of a fee interest in the [Property]. Under these facts, [Shi] cannot prevail as a matter of law...." *Id.* at 112. Enterprise also argued that Shi "failed to satisfy the statutory requirements for entry of the Hamilton County Judgment in the foreign judgment docket of Marion County." *Id.* at 116. Enterprise argued that "Plaintiff prays for an implausible remedy which seeks nothing from Enterprise—to set aside transfers from Yi and reestablish title in Yi." *Id.* at 115.

On January 22, 2009, Shi filed a motion in opposition to summary judgment and an accompanying brief. Shi argued that "Enterprise aided Yi with intent to defraud her judgment creditors in fraudulently conveying property after having knowledge of a judicial lien.... Enterprise re-

ceived a benefit for closing on the property and at closing kept money belonging to Yi in an escrow account in case Lei Shi would pursue this action." *Id* at 148. Shi also argued that "Enterprise aided and abetted Yi's fraud on Lei Shi and should not be rewarded for aiding in the fraud." *Id.*

On April 24, 2009, Enterprise filed a reply brief in support of its summary judgment motion. Enterprise reiterated its argument that "Enterprise cannot be liable for fraudulent conveyance where it made no conveyance, accepted no conveyance, received no consideration in exchange for conveyance, and is neither the debtor nor subject to the foreign judgment which [Shi] failed to properly index." Appellee's Appendix at 7. On April 28, 2009, the trial court granted Enterprise's summary judgment motion.

The issue is whether the trial court erred in granting Enterprise's motions to dismiss and for summary judgment as the cause of action relates to Enterprise. Initially, we note that although Shi brought a complaint containing two counts, the two counts are both governed by the Indiana Uniform Fraudulent Transfer Act, Ind. Code § 32–18–2–1 *et seq* (the "IUFTA"). *See Rose v. Mercantile Nat. Bank of Hammond,* 868 N.E.2d 772, 776–777 (Ind.2007). The IUFTA represents the most recent version of Indiana statutes dating back to the nineteenth century which were passed to protect creditors' claims from attempts by debtors to escape payment on those claims by rendering oneself insolvent. *See Jackson v. Farmers State Bank,* 481 N.E.2d 395, 403 (Ind.Ct.App.1985), *reh'g denied, trans. denied.* Both counts appear to raise a cause of action under Ind.Code § 32–18–2–15,[4] which provides:

---

**4.** Shi cites to Ind.Code § 32–18–2–14 but quotes the language from Ind.Code § 32–18– 2–15.

A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:

(1) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and

(2) the debtor:

(A) was insolvent at that time; or

(B) became insolvent as a result of the transfer or obligation.

■ Also, under the IUFTA, a "debtor" is one "who is liable on a claim." Ind.Code § 32–18–2–6. A "claim" is defined under the IUFTA as "a right to payment, whether the right is: (1) reduced to judgment or not; (2) liquidated or unliquidated; (3) fixed or contingent; (4) matured or unmatured; (5) disputed or undisputed; (6) legal or not; (7) equitable or not; or (8) secured or unsecured." Ind.Code § 32–18–2–3. Thus, a creditor may bring a cause of action under Ind.Code § 32–18–2–15 only against a party who is liable on the underlying right to payment. *Cf. Four*

*Seasons Mfg., Inc. v. 1001 Coliseum, LLC,* 870 N.E.2d 494, 511 (Ind.Ct.App.2007) (reversing the trial court's determination that parent company of two subsidiaries incident to a fraudulent conveyance was not a "debtor" under the IUFTA because the trial court correctly pierced the corporate veil and found parent directly liable "for its fraudulent actions").

We address Shi's arguments that the trial court erred in granting Enterprise's motion to dismiss and Enterprise's motion for summary judgment separately.

## A. Trial Court's Grant of Enterprise's Motion to Dismiss

■ First, on July 21, 2008, the trial court granted Enterprise's motion to dismiss pursuant to Ind. Trial Rule 12(B)(6) as to Count II.[5] The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is de novo and requires no deference to the trial court's decision. *Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations

---

5. Count II of Shi's complaint reads:

### COUNT II
### FRAUD ON CREDITORS

Comes now the Plaintiff, by counsel, and complains of the Defendants, Cecilia Yi, Nova Property Investments, LLC, and Your Title Company, Inc, D/B/A Enterprise Title alleges and says:

17. That Plaintiff incorporates by reference paragraphs 1–10 of the General Facts listed above and paragraphs 11–16 of Count I herein.

18. That the Defendant, Cecilia Yi knew that Plaintiff had a pending lawsuit against her when she formed Nova Property Investment, LLC.

19. That Defendant, Cecilia Yi, failed to receive a reasonably equivalent value in exchange for transferring title to the property located at 1807 E. 69th Street to Nova Property Investment, LLC.

20. That Defendant, Cecilia Yi, was insolvent at the time of the transfer or became insolvent as a result of the transfer.

21. That the Plaintiff has been damaged by the actions of the Defendants.

22. That the acts and omissions of Defendants are so egregious as to impose punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, Cecilia Yi, Nova Property Investments, LLC, and Your Title Company, Inc, D/B/A Enterprise Title in the amount of $99,000.00, interest, punitive damages, reasonable attorney's fees, costs of this action, that the transfers of the property located at 1807 E. 69th St. from Cecilia Yi to Nova Property Investments, LLC and Nova Property Investment, LLC to Julie Lucas be set aside, and for all other relief proper in the premises.

Appellant's Appendix at 47–48.

of fact. *Id.* "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Northwest Ind.,* 845 N.E.2d 130, 134 (Ind.2006). Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Id.*

■ A court should accept as true the facts alleged in the complaint,[6] and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the nonmoving party. *Id.* However, a court need not accept as true allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. Id. Courts also need not accept as true conclusory, nonfactual assertions or legal conclusions. *Richards & O'Neil, LLP v. Conk,* 774 N.E.2d 540, 547 (Ind.Ct.App.2002). Under Indiana Trial Rule 9(B): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred. Malice, intent, knowledge, and other conditions of mind may be averred generally."

Shi argues that:

The facts at hand clearly show sufficient evidence to form a genuine issue of material fact as to whether fraud had occurred: (1) Yi transferred the [Property] from herself to Nova, an entity of her own creation and control; (2) Yi and Nova attempted to conceal their transaction, with the execution of a confidential Escrow Agreement; (3) Yi had been sued prior to the transfer of the property[;] 4) Yi had transferred substantially all of her assets without receiving equivalent value and was at the time insolvent and remains insolvent[;] and (5) The transfer of real property occurred three days prior to trial, and ten days before judgment was rendered against Yi in a sum exceeding $200,000.00. Lei Shi, should be given the opportunity at trial to demonstrate fraud on creditors, that the real estate was fraudulently conveyed and that Enterprise's assistance therewith permitted the fraud to continue.

Appellant's Brief at 9 (internal citations omitted). Also, Shi argues that "Enterprise's knowledge of the underlying facts together with its aid to both Yi and Nova furthered the fraud thus making Enterprise a party liable for fraud." *Id.* at 10.

■ Enterprise argues that "[a] careful review of Count II of [Shi's] Complaint makes two things clear: first, [Shi] has at best only alleged facts placing Yi and Nova under the [IUFTA] and second, [Shi] does not allege any circumstances of fraud by acts of Enterprise to satisfy [Indiana Trial Rule 9(B)]." Appellee's Brief at 23.

Here, Shi does not attempt to demonstrate that Enterprise may be considered a "debtor" for IUFTA purposes. Consequently, Enterprise is an improper party for a suit under the IUFTA.

■ Shi also argues that a fraud was perpetrated by Yi and that Enterprise participated in this fraud. Specifically, Shi argues that "Indiana recognizes a cause of

---

6. We note that paragraphs 1–10 of the complaint entitled "General Facts" do not allege anything which would add to the legal sufficiency of Shi's claim as it relates to Enterprise.

action for aiding and abetting a fraud." Appellant's Reply Brief at 5. Shi argues:

"One who colludes with a debtor to defraud creditors is a proper party to a suit to set aside conveyances made in a furtherance of the fraudulent design of the debtor." *Doherty v. Holiday,* 137 Ind. 282, 32 N.E. 315, 317 (1892). "All who knowingly enter a fraudulent scheme become liable for harm caused by such scheme, even if their part in the scheme does not entail making fraudulent representations." *Schmidt Enterprises v. State,* 170 Ind.App. 628, 354 N.E.2d 247, 253 (1976), *citing, Grover v. Cavanaugh,* 40 Ind.App. 340, 82 N.E. 104, 107 (1907). A party permitting itself to be used as the channel through whom a fraud is consummated may be held liable for the fraud. *Duguid v. Coldsnow,* 76 Ind.App. 545, 132 N.E. 659, 660 (1921). Therefore, not only does Indiana recognize a cause of action for aiding and abetting in a fraudulent act, but case law further supports the premise that all who participate or permit themselves to be used for fraudulent purposes may also be held liable for the fraud.

*Id.* at 6.

Initially, we note that to the extent that Shi argues fraud, Shi was required to specifically aver "the circumstances constituting fraud or mistake...." Ind. Trial Rule 9(B). We also note that the instant action differs in a material way from the authorities Shi cites. Specifically, the issue in most of the authorities Shi cites is one of misrepresentation in the mold of classic common law fraud, defined as "a material misrepresentation of past or existing facts made without knowledge or reckless ignorance of its falsity and that the misrepre-

sentation caused reliance to the detriment of the person relying on it." *Lawson v. Hale,* 902 N.E.2d 267, 275 (Ind.Ct.App. 2009) (citing *Fimbel v. DeClark,* 695 N.E.2d 125, 127 (Ind.Ct.App.1998), *trans. denied* ); *see Schmidt Enterprises, Inc. v. State,* 170 Ind.App. 628, 633, 354 N.E.2d 247, 250 (1976) (Defendants entered into contracts with various customers for chimney repair based upon "the commission of deceptive acts by the Defendants" which the court voided as fraudulent); *Duguid v. Coldsnow,* 76 Ind.App. 545, 546, 132 N.E. 659, 659 (1921) (Defendants conspired "for the purpose of cheating and defrauding [plaintiffs] out of their ... farm" by making fraudulent representations as to the value of a building for which the farm was exchanged); *Grover v. Cavanaugh,* 40 Ind. App. 340, 341–342, 82 N.E. 104, 105 (1907) (Defendants convinced plaintiff to purchase shares of a sham corporation). The other case cited by Shi, *Doherty v. Holiday,* 137 Ind. 282, 32 N.E. 315 (1892), *reh'g denied,* explains the "fraudulent grantee doctrine," holding that "[a] grantee of property conveyed by a debtor to defraud creditors is liable for the value of the property conveyed to him if he actively participates in the fraud, and subsequently disposes of the property." [7] *Doherty,* 137 Ind. at 286, 32 N.E. at 317. However, it is undisputed that Enterprise never received the Property as a grantee.

To the extent that Shi relies upon these cases, we find them distinguishable in that Shi's complaint does not aver that Enterprise or any of the other Defendants made any misrepresentations to Shi, or that Shi relied upon Enterprise's representations. Based upon the record, we conclude that Shi did not plead with legal sufficiency a cause of action for fraud against Enter-

---

**7.** Such issues of fraudulent grantees are adequately addressed in the IUFTA under Ind.

Code §§ 32–18–2–17,–18.

prise. Therefore, the trial court did not err in granting Enterprise's motion to dismiss Count II as the complaint relates to Enterprise.

### B. Trial Court's Grant of Enterprise's Motion for Summary Judgment

■■■■ Second, on April 28, 2009, the trial court granted Enterprise's motion for summary judgment on Count I[8] as it related to Enterprise. Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974.

Initially, we note that in his brief, Shi does not make separate arguments as to why the trial court erred on each individual Count. Shi argues that the trial court erred in "dismissing [Enterprise] from [Count I]," but does not explicitly argue that the trial court erred by granting summary judgment to Enterprise regarding Count I. While this failure to make a cogent argument works to waive the summary judgment issue, *See, e.g., Loomis v. Ameritech*, 764 N.E.2d 658, 668 (Ind.Ct. App.2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied, trans. denied*, our review of the designated evidence does not reveal the existence of a genuine issue of material fact which would entitle Shi to a reversal of the trial court's grant of summary judgment. To the extent that Shi challenges the trial court's grant of Enterprise's motion for summary judgment, for the reasons explained in part A, we con-

8. Count I of Shi's complaint reads:

COUNT I
COMPLAINT TO SET ASIDE FRAUDULENT CONVEYANCE OF REAL PROPERTY

Comes now the Plaintiff, by counsel, and of the Defendants, Cecilia Yi, Nova Property Investments, LLC, Your Title Company, Inc, D/B/A Enterprise Title, and Julie Lucas alleges and says:

11. That Plaintiff incorporates by reference paragraphs 1–10 of the General Facts listed above.

12. That Defendant, Your Title Company, Inc. D/B/A Enterprise Title, knew that Plaintiff's judgment lien had been recorded in Marion County and said judgment was asserted as a lien on the property prior to the sale, attached hereto as Exhibit "D" are copies of the Commitment, Escrow Agreement and a copy of Plaintiff's recorded judgment.

13. That Defendant Cecilia Yi, has either become insolvent or became insolvent as a result of the transfer of the property.

14. That it is the belief of Plaintiff that Defendant, Julie Lucas, had knowledge of Plaintiff's judgment lien and that it attached to the property prior to the sales transaction.

15. That it is the belief of Plaintiff that Defendant, Julie Lucas, took the property with knowledge that the judgment lien existed and therefore Defendant is not a bona fide purchaser of the property.

16. That as a result of the Defendants acts and/or omissions against Plaintiff, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays that the sale and title to said real property be set aside as to the transfers made from Cecilia Yi to Nova Property Investments, LLC and from Nova Property Investment, LLC to Julie Lucas, and title to the property be reestablished in Cecelia [sic] Yi's name, and all other relief proper in the premises.

Appellant's Appendix at 47.

clude that the trial court did not err when it granted Enterprise's motion for summary judgment on Count I.

For the foregoing reasons, we affirm the trial court's grant of Enterprise's motions to dismiss and for summary judgment.

Affirmed.

CRONE, J., and MAY, J., concur.